NOAH T. KATZEN
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044-0386
(202) 305-2428
(202) 514-8742 (fax)
Noah.T.Katzen@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, *et al.*, | No. 1:23-cv-03026 |
| Plaintiffs, | MOTION FOR EXTENSION OF TIME |
| v. | 03/30/23 |
| FOOD AND DRUG ADMINISTRATION, *et al.*, | WITHOUT ORAL ARGUMENT |
| Defendants. | |

Pursuant to Local Rule 7, Defendants respectfully request that this Court extend Defendants' time to respond to Plaintiffs' Motion for a Preliminary Injunction by fourteen (14) days, which would result in their response being due on March 24, 2023, instead of March 10, 2023. Counsel for Plaintiffs have informed undersigned counsel that they will oppose this motion.

MOTION FOR EXTENSION OF TIME

1

Good cause exists to grant Defendants' extension request. In support of their 82-page Complaint and 35-page Motion for a Preliminary Injunction, Plaintiffs submitted voluminous materials. These include over 400 pages of exhibits attached to their Complaint and nineteen declarations (consisting of over 360 pages) in support of their Motion for a Preliminary Injunction. A two-week extension is necessary to give Defendants sufficient time to carefully review these materials before responding to Plaintiffs' Motion for a Preliminary Injunction.

Such careful consideration is particularly important in this case because of the extraordinary relief that Plaintiffs request. Plaintiffs ask this Court to enjoin the U.S. Food and Drug Administration from enforcing restrictions that FDA has determined are necessary to ensure a drug's safety and effectiveness, and to substitute its judgment for FDA's by concluding that the drug is safe and effective without those restrictions. At a minimum, the Court should ensure that, before ruling on such a request, Defendants have adequate time to review Plaintiffs' lengthy complaint and motion and hundreds of pages of exhibits and declarations.

Moreover, a two-week extension will cause Plaintiffs no prejudice, as evidenced by their extreme delay in seeking a preliminary injunction. In their Motion, Plaintiffs challenge three aspects of the FDA-approved Risk Evaluation and Mitigation Strategy (REMS) for mifepristone for medical termination of early pregnancy. Two of these (the patient agreement form and the provider certification

form) have been in place for the entire time that mifepristone has been approved for this use—*more than twenty-two years*. The third—a certification requirement for pharmacies that dispense mifepristone—was approved on January 3, 2023, at the same time that a *more* restrictive requirement that mifepristone be dispensed in-person in a certified provider's office was removed. That in-person dispensing requirement—which, like the other two requirements being challenged by Plaintiffs, had been in place since the drug was approved in 2000—prevented *any* pharmacy from dispensing mifepristone for termination of early pregnancy. In other words, for over two decades, distribution of mifepristone has been subject to a set of requirements at least as extensive as the ones Plaintiffs now challenge.

Finally, Plaintiffs have been on notice that the in-person dispensing requirement would be replaced by a pharmacy certification requirement since December 16, 2021, when FDA announced publicly that the REMS must be modified to remove the in-person dispensing requirement and to permit certified pharmacies to dispense mifepristone.[1] Thus, even assuming that Plaintiffs could not have brought their challenge prior to FDA's approval of the modified REMS on

---

[1] Questions and Answers on Mifepristone for Medical Termination of Pregnancy Through Ten Weeks Gestation, https://www.fda.gov/drugs/postmarket-drug-safety-information-patients-and-providers/questions-and-answers-mifepristone-medical-termination-pregnancy-through-ten-weeks-gestation#:~:text=On%20December%2016%2C%202021%2C%20the,in%2Dperson%20dispensing%20requirement%E2%80%9D (visited February 28, 2023).

MOTION FOR EXTENSION OF TIME

January 3, 2023, their delay of nearly two months in seeking relief demonstrates that they will not be prejudiced by a two-week extension.

For the foregoing reasons, Defendants request that the Court grant Defendants a **14-day** extension to respond to Plaintiffs' Motion for Preliminary Injunction, making **March 24, 2023**, Defendants' new deadline.

February 23, 2023

HILARY K. PERKINS
Assistant Director

*/s/ Noah T. Katzen*
NOAH T. KATZEN
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044-0386
(202) 305-2428
(202) 514-8742 (fax)
Noah.T.Katzen@usdoj.gov

*Counsel for Defendants*

MOTION FOR EXTENSION OF TIME
4

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 28, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                          */s/ Noah T. Katzen*
                                          NOAH T. KATZEN

MOTION FOR EXTENSION OF TIME