1   ROBERT W. FERGUSON
    Attorney General
2   NOAH GUZZO PURCELL, WSBA #43492
    Solicitor General
3   KRISTIN BENESKI, WSBA #45478
    First Assistant Attorney General
4   COLLEEN M. MELODY, WSBA #42275
    Civil Rights Division Chief
5   ANDREW R.W. HUGHES, WSBA #49515
    LAURYN K. FRAAS, WSBA #53238
6   Assistant Attorneys General
    TERA M. HEINTZ, WSBA #54921
7     (application for admission forthcoming)
    Deputy Solicitor General
8   800 Fifth Avenue, Suite 2000
    Seattle, WA  98104-3188
9   (206) 464-7744

10              **UNITED STATES DISTRICT COURT**
               **EASTERN DISTRICT OF WASHINGTON**
11

12  STATE OF WASHINGTON, et al.,          NO. 1:23-cv-03026-TOR

13                       Plaintiffs,       PLAINTIFF STATES' RESPONSE
                                           TO DEFENDANTS' MOTION FOR
          v.                               EXTENSION OF TIME
14

15  UNITED STATES FOOD AND                 03/07/2023[1]
    DRUG ADMINISTRATION, et al.,           Without Oral Argument
16
                         Defendants.
17

18        [1]Due to the urgency of this matter, the Plaintiff States are filing this

19   response well in advance of the March 6, 2023, deadline. *See* ECF No. 18.

20   Because the Court's briefing schedule on this motion authorized a response and

21   no further briefing, the Plaintiff States understand this motion to now be ripe for

22   decision. *Id.*

PLAINTIFF STATES' RESPONSE TO            1         ATTORNEY GENERAL OF WASHINGTON
DEFENDANTS' MOTION FOR                                  Complex Litigation Division
EXTENSION OF TIME                                       800 Fifth Avenue, Suite 2000
                                                          Seattle, WA  98104-3188
                                                              (206) 464-7744

# I.    INTRODUCTION

The Plaintiff States oppose Defendants' Motion for Extension of Time (ECF No. 16) to respond to the Plaintiff States' Motion for Preliminary Injunction (PI Motion) (ECF No. 3). The Plaintiff States moved for preliminary relief to protect access to critically important abortion and miscarriage care at a time when access to reproductive health care is under unprecedented attack. The FDA's newly-enacted REMS restrictions unnecessarily limit who can prescribe, dispense, and obtain mifepristone for medication abortion, which unduly restricts access to this time-sensitive and extremely safe medication, leading to worse outcomes for patients and creating substantial and continuing burdens on providers and pharmacies. This is an urgent matter, and Defendants' request for an extended briefing and hearing schedule should be denied.

# II.    ARGUMENT

## A.    The Fourteen-Day Time Period Prescribed in the Local Rules Controls

Local Civil Rule 7 provides Defendants with fourteen days to respond to the Plaintiff States' PI Motion, i.e., until March 10, 2023. *See* LCivR 7(c)(2)(B), (b)(3). Extending this deadline requires a showing of "good cause." Fed. R. Civ. P. 6(b)(1); *see also Algaier v. CMG Mortg., Inc.*, No. 13-CV-0380-TOR, 2014 WL 129286, at *12 (E.D. Wash. Jan. 14, 2014); *Dysart v. Ames*,

PLAINTIFF STATES' RESPONSE TO
DEFENDANTS' MOTION FOR
EXTENSION OF TIME

2

1    No. 13-CV-0261-TOR, 2014 WL 1364961, at *2 (E.D. Wash. Apr. 7, 2014).

2    Defendants fail to establish good cause for the extension they seek.

3    **B.    Plaintiff States Did Not Delay in Moving for a Preliminary Injunction**

4            Defendants assert that the Plaintiff States "delay[ed]" in seeking a

5    preliminary injunction—thus justifying a departure from the ordinary briefing

6    schedule. ECF No. 16 at 2. This argument buries the most important facts. The

7    REMS at the heart of this dispute did not take effect until January 3, 2023, and

8    this challenge to final agency action was not ripe until that date. 5 U.S.C. § 704.

9    In the time between the effective date of the REMS and the Plaintiff States'

10   filings, this coalition of twelve states convened and drafted an 82-page Complaint

11   and a 34-page PI Motion. In support of these filings, the Plaintiff States submitted

12   approximately 800 pages of exhibits and evidence, including expert and technical

13   evidence. Much of this evidence covers the impact of the REMS since its January

14   2023 effective date—evidence that would have been impossible to provide had

15   the Plaintiff States filed their PI Motion sooner. In short, the seven weeks to

16   prepare and file Plaintiff States' papers cannot be characterized as a "delay"—

17   much less an "extreme delay"—under these circumstances. To the contrary, the

18   timeline on which the Plaintiff States filed their Complaint and PI Motion were

19   consistent with the level of urgency this case presents.

20

21

22

PLAINTIFF STATES' RESPONSE TO            3            ATTORNEY GENERAL OF WASHINGTON
DEFENDANTS' MOTION FOR                                 Complex Litigation Division
EXTENSION OF TIME                                     800 Fifth Avenue, Suite 2000
                                                      Seattle, WA  98104-3188
                                                      (206) 464-7744

**C.    An Extension Would Result in Severe Prejudice to Plaintiff States**

A delay in hearing the PI Motion will severely prejudice the Plaintiff States. The 2023 REMS restrictions are harming the Plaintiff States every day that they remain in effect. In today's post-*Dobbs* landscape, in which the actions of anti-abortion state governments have strained access to abortion care even in states where abortion is a protected right, the 2023 REMS is exacerbating a crisis in abortion access of unprecedented proportions—warranting swift action by the Court.

Since *Dobbs*, the Plaintiff States have seen a huge influx of out-of-state patients seeking abortions. Cantrell Decl. ¶¶ 5, 7;[2] Dillon Decl. ¶¶ 8–13. For example, in January 2023, Planned Parenthood of Greater Washington and Northern Idaho saw a 75% increase in Idaho patients, as compared with January 2022. Dillon Decl. ¶ 10. "This includes a . . . 90% increase for medication abortion visits from Idaho." *Id.* This increased patient volume has led to delays in abortion care and other consequences, including higher risks of complications, increased costs, and unnecessary trauma and stress for patients in the Plaintiff States, as well as increasing burdens on an already overtaxed healthcare system. *Id.* at ¶¶ 14–22; Godfrey Decl. ¶¶ 28, 31; [FDA's] Opp'n to Pls.' Mot. for a Prelim. Inj., *All. for Hippocratic Med. v. FDA*, No. 2:22-cv-00223-Z (N.D. Tex. Jan. 13, 2023), ECF No. 28 at 38–39; Compl. ¶ 142. By making mifepristone

---

[2]All declaration cites are to the declarations filed at ECF No. 4-1.

PLAINTIFF STATES' RESPONSE TO
DEFENDANTS' MOTION FOR
EXTENSION OF TIME

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    harder to prescribe, dispense, and obtain, the REMS exacerbates these growing

2    harms. Gold Decl. ¶¶ 15–16, 27; Godfrey Decl. ¶¶ 17–22; Shih Decl. ¶¶ 21–29;

3    Colwill Decl. ¶¶ 18–25; Nichols Decl. ¶ 38; Janiak Decl. ¶¶ 15–20; Downing

4    Decl. ¶¶ 9–16; Henry Decl. ¶¶ 6–8; Lazarus Decl. ¶¶ 17–20; Compl. ¶¶ 136–138.

5          Further, the 2023 REMS works in concert with post-*Dobbs* legislation in

6    anti-abortion states to limit access to abortion even in states where it is legal. As

7    medical expert Marji Gold explains:

8          In the current hostile environment surrounding abortion care, which
         includes states passing bills that empower ordinary citizens to sue

9          anyone they deem has "aided and abetted" a person seeking an
         abortion, clinicians may be reluctant to become certified and thus be

10         identified as a person who prescribes mifepristone. Since the REMS
         requires certified prescribers to send their signed forms to *each*

11         certified pharmacy at which they intend to prescribe, clinicians who
         wish to provide this care have reason to be concerned that an anti-

12         abortion staff or pharmacist at a pharmacy might leak the
         confidential list and expose them to possible violence and/or civil or

13         criminal liability. These concerns may be greater in communities
         with outspoken anti-abortion members, and thus decrease patient

14         access to care.

15   Gold Decl. ¶ 18; *see also id.* at ¶ 19 (explaining the particular risk to patients who

16   hold medical licenses in multiple states, including anti-abortion states); Prager

17   Decl. ¶¶ 38–40; Shih Decl. ¶ 25.

18         For patients seeking to terminate a pregnancy, mere days can make a

19   critical difference. The delays in treatment arising from the REMS—whether due

20   to a lack of specifically "certified providers" (Godfrey Decl. ¶ 30) or pharmacies

21   (Shih Decl. ¶ 27), a lack of access to technology required to e-sign the Patient

22

PLAINTIFF STATES' RESPONSE TO
DEFENDANTS' MOTION FOR
EXTENSION OF TIME

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1   Agreement Form (*id.* at ¶ 17), or lagging or incomplete REMS-required

2   paperwork (DasGupta Decl. ¶ 10)—may cause patients to miss the narrow

3   window for medication abortion. Compl. ¶ 81 (mifepristone is only approved for

4   use up to 70-days' gestation); Shih Decl. ¶ 17 ("[D]elaying the process even by

5   a few days may make [some patients] ineligible to select medication abortion.");

6   Colwill Decl. ¶ 24. Even a few days' delay may force such patients to choose

7   between undergoing an invasive procedural abortion or carrying an unwanted

8   pregnancy to term. Compl. ¶ 152 (detailing negative outcomes experienced by

9   patients who are denied abortions); *id.* at ¶¶ 143–44 (explaining why surgical

10   abortion may be inappropriate or inaccessible to certain patients).

11       These increasing harms are falling most heavily on those furthest from

12   healthcare justice, including rural and poor communities that have inferior access

13   to reproductive health care. Gold Decl. ¶ 23; Janiak Decl. ¶¶ 14, 25–29; Downing

14   Decl. ¶ 17; Dillon Decl. ¶ 7; Godfrey Decl. ¶¶ 15, 17, 19, 32; Nichols Decl. ¶ 38;

15   Compl. ¶ 121.

16       Finally, implementing the new REMS requirements has created ongoing

17   burdens for state healthcare providers, resulting in mounting costs and an ongoing

18   diversion of resources from patient care and other critical work. University of

19   Washington personnel, for example, have expended hundreds of hours

20   implementing the 2023 REMS, with many tasks still outstanding. Compl. ¶ 152;

21   DasGupta Decl. ¶¶ 15–18; Godfrey Decl. ¶ 35; Prager Decl. ¶¶ 25–36; Reed

22

PLAINTIFF STATES' RESPONSE TO      6     ATTORNEY GENERAL OF WASHINGTON
DEFENDANTS' MOTION FOR                  Complex Litigation Division
EXTENSION OF TIME                      800 Fifth Avenue, Suite 2000
                                   Seattle, WA  98104-3188
                                     (206) 464-7744

1   Decl. ¶¶ 16–17; Singh Decl. ¶¶ 20–21. These harms are occurring now, because

2   of the 2023 REMS, and they are urgent. Any further delay in addressing them

3   will continue to prejudice the Plaintiff States.

4   **D.     Defendants Would Suffer No Prejudice in Adhering to the Ordinary
             Briefing Deadlines**

5          By contrast, Defendants will suffer no prejudice if they are required to

6   respond to the Plaintiff States' motion on time. The U.S. Department of Justice's

7   Consumer Protection Branch has represented the FDA in a number of recent

8   challenges to its regulation of mifepristone, including its imposition of the

9   REMS. *See, e.g.*, [FDA's] Opp'n to Pls.' Mot. for a Prelim. Inj., *All. for*

10  *Hippocratic Med. v. FDA*, No. 2:22-cv-00223-Z (N.D. Tex. Jan. 13, 2023),

11  ECF No. 28 (Consumer Protection Branch defending challenge to FDA's

12  approval of mifepristone; preliminary injunction motion pending); *Chelius v.*

13  *Wright*, No. 1:17-cv-00493-JAO-RT (D. Haw. May 7, 2021), ECF No. 148

14  (Consumer Protection Branch defending challenge to FDA's previous version of

15  REMS; stayed by joint agreement of parties after FDA agreed to re-examine the

16  REMS); *Am. Coll. of Obstetricians & Gynecologists v. FDA*, 472 F. Supp. 3d

17  183, 189 (D. Md. 2020) (Consumer Protection Branch defending challenge to

18  FDA's previous version of REMS; preliminary injunction granted against FDA).

19  At this point, lawyers with the Consumer Protection Branch have been litigating

20  the facts and law surrounding the REMS for years. In light of their familiarity

21

22

PLAINTIFF STATES' RESPONSE TO                    7        ATTORNEY GENERAL OF WASHINGTON
DEFENDANTS' MOTION FOR                                         Complex Litigation Division
EXTENSION OF TIME                                              800 Fifth Avenue, Suite 2000
                                                                  Seattle, WA  98104-3188
                                                                      (206) 464-7744

1   with the issues, and the urgency facing the Plaintiff States, good cause does not

2   support an extended briefing schedule.

3   **E.    The Plaintiff States' PI Motion Should Be Heard as Soon as Possible**

4   In recognition of the urgency of the matter, the Plaintiff States propose to

5   file a reply in support of their PI Motion within five days instead of the usual

6   seven, *see* LCivR 7(d)(2)(B), allowing this matter to be fully briefed for a hearing

7   on March 16, 2023, a date the Court had previously indicated may be available.

8   Although that hearing date is earlier than the default time period under

9   Local Rules, it is appropriate under Local Rule 7(i)(2)(C).

10   For all the reasons explained above and in the Plaintiff States' PI Motion,

11   this case involves an urgent issue, and good cause supports an expedited hearing.

12   LCivR 7(i)(2)(C)(1). Defendants' request for an extended briefing and hearing

13   schedule indicates that Defendants oppose the Plaintiff States' request for an

14   expedited hearing, LCivR 7(i)(2)(C)(2), but as detailed above, Defendants'

15   request for an extension should be denied. Finally, the Plaintiff States' proposed

16   March 16 hearing date is twenty days after the Motion for Preliminary Injunction

17   was filed, and therefore well within the bounds for expedited hearings.

18   LCivR 7(i)(2)(C)(3). Indeed, under the Plaintiff States' proposed five-day reply

19   turnaround, briefing will be complete before March 16 without affecting

20   Defendants' briefing schedule at all.

21

22

PLAINTIFF STATES' RESPONSE TO
DEFENDANTS' MOTION FOR
EXTENSION OF TIME

8

### III.    CONCLUSION

For the foregoing reasons, the Plaintiff States respectfully request that the Court deny Defendants' motion for an extension of time and require Defendants to file their response to the Plaintiff States' PI Motion no later than March 10, 2023, in accordance with the local rules.

DATED this 1st day of March 2023.

ROBERT W. FERGUSON
Attorney General

*/s/ Kristin Beneski*
NOAH GUZZO PURCELL, WSBA #43492
Solicitor General
KRISTIN BENESKI, WSBA #45478
First Assistant Attorney General
COLLEEN M. MELODY, WSBA #42275
Civil Rights Division Chief
ANDREW R.W. HUGHES, WSBA #49515
LAURYN K. FRAAS, WSBA #53238
Assistant Attorneys General
TERA M. HEINTZ, WSBA #54921
  (application for admission forthcoming)
Deputy Solicitor General
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744
*Attorneys for Plaintiff State of Washington*


ELLEN F. ROSENBLUM
Attorney General of Oregon

*/s/ Marc Hull*
SANDER MARCUS HULL WSBA #35986
Senior Assistant Attorney General
YOUNGWOO JOH OSB #164105
Assistant Attorney General
Trial Attorneys

PLAINTIFF STATES' RESPONSE TO
DEFENDANTS' MOTION FOR
EXTENSION OF TIME

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1       Tel (971) 673-1880
         Fax (971) 673-5000
2       marcus.hull@doj.state.or.us
         youngwoo.joh@doj.state.or.us
3       *Attorneys for State of Oregon*

4

5       KRIS MAYES
         Attorney General of Arizona

6       */s/ Daniel C. Barr*
         Daniel C. Barr (Arizona No. 010149)*
7       Chief Deputy Attorney General
         Office of the Attorney General of Arizona
8       2005 N. Central Ave.
         Phoenix, AZ 85004-1592
9       Phone: (602) 542-8080
         Email: Daniel.Barr@azag.gov
10      *Attorney for Plaintiff State of Arizona*

11

12      PHILIP J. WEISER
         Attorney General of Colorado

13      */s/ Eric Olson*
         ERIC OLSON, CO #36414*
14      Solicitor General
         MICHAEL MCMASTER, CO #42368*
15      Assistant Solicitor General
         Office of the Attorney General
16      Colorado Department of Law
         1300 Broadway, 10th Floor
17      Denver, CO 80203
         Phone: (720) 508-6000
18      *Attorneys for Plaintiff State of Colorado*

19

20

21

22

PLAINTIFF STATES' RESPONSE TO
DEFENDANTS' MOTION FOR
EXTENSION OF TIME

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

WILLIAM TONG
Attorney General of Connecticut

*/s/ Joshua Perry*
Joshua Perry*
Solicitor General
Office of the Connecticut Attorney General
165 Capitol Ave, Hartford, CT 06106
Joshua.perry@ct.gov
(860) 808-5372
Fax: (860) 808-5387
*Attorney for Plaintiff State of Connecticut*


KATHLEEN JENNINGS
Attorney General of Delaware

*/s/ Vanessa L. Kassab*
VANESSA L. KASSAB*
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
302-683-8899
vanessa.kassab@delaware.gov
*Attorney for Plaintiff State of Delaware*


KWAME RAOUL
Attorney General of Illinois

*/s/ Liza Roberson-Young*
Liza Roberson-Young*
Public Interest Counsel
Office of the Illinois Attorney General
100 West Randolph Street
Chicago, IL 60601
Phone: (872) 272-0788
E.RobersonYoung@ilag.gov
*Attorney for Plaintiff State of Illinois*

PLAINTIFF STATES' RESPONSE TO
DEFENDANTS' MOTION FOR
EXTENSION OF TIME

11

DANA NESSEL
Attorney General of Michigan

*/s/ Stephanie M. Service*
Stephanie M. Service (P73305)*
Assistant Attorney General
Michigan Department of Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
ServiceS3@michigan.gov
*Attorney for Plaintiff Attorney General of Michigan*

AARON D. FORD
Attorney General of Nevada

*/s/ Heidi Parry Stern*
Heidi Parry Stern (Bar. No. 8873)*
Solicitor General
Office of the Nevada Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
HStern@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

RAÚL TORREZ
Attorney General of New Mexico

*/s/ Aletheia Allen*
Aletheia Allen*
Solicitor General
New Mexico Office of the Attorney General
201 Third St. NW, Suite 300
Albuquerque, NM 87102
AAllen@nmag.gov
*Attorney for Plaintiff State of New Mexico*

PLAINTIFF STATES' RESPONSE TO
DEFENDANTS' MOTION FOR
EXTENSION OF TIME

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

PETER F. NERONHA
Attorney General of Rhode Island

*/s/ Julia C. Harvey*
JULIA C. HARVEY #10529
Special Assistant Attorney General
150 S. Main Street
Providence, RI 02903
(401) 274-4400 x2103
*Attorney for Plaintiff State of Rhode Island*

CHARITY R. CLARK
Attorney General of Vermont

*/s/ Eleanor L.P. Spottswood*
ELEANOR L.P. SPOTTSWOOD*
Solicitor General
109 State Street
Montpelier, VT 05609-1001
(802) 793-1646
eleanor.spottswood@vermont.gov
*Attorney for Plaintiff State of Vermont*

*Applications for pro hac vice admission
forthcoming

PLAINTIFF STATES' RESPONSE TO
DEFENDANTS' MOTION FOR
EXTENSION OF TIME

13

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1

## <u>CERTIFICATE OF SERVICE</u>

2     I hereby certify that on March 1, 2023, I electronically filed the foregoing

3  with the Clerk of the Court using the CM/ECF System, which in turn

4  automatically generated a Notice of Electronic Filing (NEF) to all parties in the

5  case who are registered users of the CM/ECF system. The NEF for the foregoing

6  specifically identifies recipients of electronic notice.

7     DATED this 1st day of March 2023, at Seattle, Washington.

8                                   */s/ Kristin Beneski*
                                    KRISTIN BENESKI, WSBA #45478
9                                   First Assistant Attorney General

10

11

12

13

14

15

16

17

18

19

20

21

22

PLAINTIFF STATES' RESPONSE TO
DEFENDANTS' MOTION FOR
EXTENSION OF TIME

14

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744