1  RAÚL R. LABRADOR
     Attorney General
2  DAVID M.S. DEWHIRST (ID #12141)
3    Chief Deputy Attorney General
   THEODORE J. WOLD (CA #289177)
4    Solicitor General
   LINCOLN DAVIS WILSON (WA #53764)
5    Deputy Attorney General
6    Chief, Civil Litigation and Constitutional Defense Division
   JOSHUA N. TURNER (MN #0400279)
7    Deputy Solicitor General
   Office of the Attorney General
8  P.O. Box 83720
9  Boise, Idaho 83720-0010
   Tel: (208) 334-2400
10 Fax: (208) 854-8071

11

12                UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF WASHINGTON
13

| | |
|---|---|
| 14  STATE OF WASHINGTON, et al., | Case No. 1:23-cv-03026 |
| 15      Plaintiffs, | |
| 16      v. | |
| 17  UNITED STATES FOOD AND DRUG ADMINISTRATION, et al. | **MOTION TO INTERVENE** |
| 18 | |
| 19      Defendants, | |
| 20  STATE OF IDAHO; STATE OF IOWA; STATE OF MONTANA; STATE OF NEBRASKA; STATE OF SOUTH CAROLINA; STATE OF TEXAS; STATE OF UTAH, | |
| 21 | |
| 22 | |
| 23 | |
| 24      Plaintiffs-Intervenors, | |

MOTION TO INTERVENE           1           ATTORNEY GENERAL OF IDAHO

Pursuant to Federal Rule of Civil Procedure 24(a), Plaintiffs State of Idaho, State of Iowa, State of Montana, State of Nebraska, State of South Carolina, State of Texas, and State of Utah (the "State Intervenors") respectfully move the Court for an order permitting them to intervene as a matter of right in the above-captioned matter as plaintiffs. The State Intervenors' proposed Complaint is attached to this motion. *See* Exhibit 1. Alternatively, State Intervenors move for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b).

## ARGUMENT

Rule 24(a)(2) provides a nonparty the right to intervene when it "(i) timely moves to intervene; (ii) has a significantly protectable interest related to the subject of the action; (iii) may have that interest impaired by the disposition of the action; and (iv) will not be adequately represented by existing parties." *Western Watersheds Project v. Haaland*, 22 F.4th 828, 835 (9th Cir. 2022) (citation omitted). The State Intervenors bear the burden of showing that these four elements are met, but the Ninth Circuit has instructed courts to "interpret these requirements broadly in favor of intervention." *Id.* (citation omitted). Additionally, this Court's review should be "guided primarily by practical considerations, not technical distinctions." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*,

647 F.3d 893, 897 (9th Cir. 2011) (citation omitted). The State Intervenors easily satisfy each of the four requirements.

*Timeliness.* The State Intervenors bring this motion just five weeks after this case was commenced. Defendants have not answered the Amended Complaint. And the Court has not even issued a scheduling order in the case. *Kachess Cmty. Ass'n v. U.S. Dep't of Interior*, 2019 WL 10744937, at *1 (E.D. Wash. Dec. 11, 2019) (holding that intervention motion filed before scheduling order was issued was timely and at an "early stage of the case"). This case is just getting started, and no party will suffer prejudice from the grant of intervention. Nor will intervention cause any disruption or delay in the proceedings. The Ninth Circuit has found that far greater delays still satisfied the timeliness requirement. *See, e.g., Mont. Wilderness Ass'n*, 647 F.3d at 897 (finding motion was timely when it was brought "less than three months after the complaint was filed and less than two weeks after the Forest Service filed its answer to the complaint"); *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (noting that motion to intervene was filed "at a very early stage" even where intervenor waited four months after complaint was filed).

***Protectable Interest.*** As detailed in their Complaint, *see* Exhibit 1, the State Intervenors have significantly protectable interests related to the FDA's decision to modify mifepristone's REMS. The FDA's action harms the State Intervenors' sovereign and quasi-sovereign interests. As alleged in the Complaint, eliminating mifepristone's in-person dispensing requirement will harm women residents of the State Intervenors. The Supreme Court has long recognized that "a State has a quasi-sovereign interest in the health and well-being—both physical and economic—of its residents in general." *Alfred L. Snapp Son, Inc. v. Puerto Rico ex rel. Pedro Barez*, 458 U.S. 592, 607 (1982). The FDA's action jeopardizes those quasi-sovereign interests, and the State Intervenors seek to protect them by intervening here. It also undermines the State Intervenors' ability to enforce their laws, which is another classic protectable state interest. *Id.* at 601 (identifying the "power to create and enforce a legal code" as an important state interest).

As a practical matter—which is Rule 24's guiding star—the State Intervenors' interests are strong proof that they should be part of this litigation. *See United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002). The "interest" analysis is a practical guide that "directs courts" involve "as many apparently concerned persons as is compatible

with efficiency and due process." *Id.* Permitting intervention here allows efficient resolution of a common concern with the FDA's action.

Finally, because the FDA's action violates the Administrative Procedure Act, the State Intervenor's interests are legally protected and can be remedied by the claims they assert. *See Mont. Wilderness Ass'n*, 647 F.3d at 897.

***Impairment of Interest.*** Once an intervenor has shown that it has a significant protectable interest, courts will "have little difficulty concluding that the disposition of this case may, as a practical matter, affect it." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006). Here, that is clearly the case. The existing Plaintiffs are seeking to eliminate mifepristone's REMS altogether. The State Intervenors are seeking to restore and strengthen mifepristone's REMS. If the existing Plaintiffs prevail, the State Intervenors' interests will be impaired. Put another way, "[t]he same evidence that bolsters the [existing Plaintiffs'] standing to sue also bolsters the case for intervention." *Id.*

***Inadequate Representation.*** The State Intervenors' interests are not, and will not, be adequately represented by the existing parties. "The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties." *Arakaki*

1  *v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), as amended (May 13,
2  2003) (citation omitted). The existing Plaintiffs' interests do not align
3  with the State Intervenors' interests. That much is plain from the face of
4  the Amended Complaint and the State Intervenors' Complaint.
5  
6      None of the existing parties "will undoubtedly" make all of the State
7  Intervenors' arguments. *See California v. Tahoe Reg'l Plan. Agency*, 792
8  F.2d 775, 778 (9th Cir. 1986). The FDA believes its action was lawful, and
9  the existing Plaintiffs want to wholly eliminate mifepristone's REMS, not
10 restore the in-person dispensing requirement.
11 
12     The State Intervenors' burden here is "minimal." *Arakaki*, 324 F.3d
13 at 1086. They've more than carried it, and intervention should be granted
14 as of right.
15 
16                               \*    \*    \*    \*    \*
17 
18     Rule 24(b) also provides the State Intervenors with a path to intervention. All the Ninth Circuit requires for permissive intervention is "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (citation omitted). Each of these

grounds is satisfied here. In federal-question cases, like this one, the jurisdictional requirement is only relevant "where a proposed intervenor seeks to bring new state-law claims." *Id.* That's not at issue here. As discussed above, the motion is timely. And the State Intervenor's APA claims are grounded in the same facts and the same laws as the existing Plaintiffs' action.

Permissive intervention is thus also well supported.

## CONCLUSION

For the foregoing reasons, the State Intervenors respectfully request the Court to grant their motion to intervene.

Dated: March 30, 2023

| | |
|---|---|
| RAÚL R. LABRADOR<br>Attorney General of Idaho | */s/ Lincoln Davis Wilson*<br>LINCOLN DAVIS WILSON (#53764)<br>Deputy Attorney General |
| DAVID M.S. DEWHIRST<br>Chief Deputy Attorney General | Chief, Civil Litigation and<br>Constitutional Defense Division<br>Office of the Attorney General |
| THEODORE J. WOLD<br>Solicitor General | P.O. Box 83720<br>Boise, Idaho 83720-0010<br>Tel:  (208) 334-2400 |
| JOSHUA N. TURNER<br>Deputy Solicitor General | Fax:  (208) 854-8071<br>Lincoln.Wilson@ag.idaho.gov |
| | ***COUNSEL FOR STATE OF IDAHO*** |

| | |
|---|---|
| BRENNA BIRD<br>Attorney General of Iowa | /s/ Eric H. Wessan_____<br>Eric H. Wessan*<br>Solicitor General<br>1305 E. Walnut Street<br>Des Moines, IA 50319<br>Phone: (515) 823-9117<br>Email: Eric.Wessan@ag.iowa.gov<br><br>*Application for pro hac vice admission forthcoming<br><br>**COUNSEL FOR STATE OF IOWA** |
| AUSTIN KNUDSEN<br>Attorney General of Montana | /s/ Peter M. Torstensen, Jr._____<br>Peter M. Torstensen, Jr.*<br>Assistant Solicitor General<br>PO Box 201401<br>Helena, MT 59620<br>Phone: (406) 444-2026<br>Email: peter.torstenson@mt.gov<br><br>*Application for pro hac vice admission forthcoming<br><br>**COUNSEL FOR STATE OF MONTANA** |
| MICHAEL T. HILGERS<br>Attorney General of Nebraska | /s/ Eric J. Hamilton_____<br>Eric J. Hamilton*<br>Solicitor General<br>2115 State Capitol<br>Lincoln, NE 68509<br>Phone: (402) 471-2683<br>Email: Eric.Hamilton@nebraska.gov<br><br>*Application for pro hac vice admission forthcoming |

|  |  |
|---|---|
|  | **COUNSEL FOR STATE OF NEBRASKA** |
| ALAN WILSON<br>Attorney General of<br>South Carolina | /s/ *Thomas T. Hydrick*<br>Thomas T. Hydrick*<br>Assistant Deputy Solicitor General<br>Post Office Box 11549<br>Columbia, SC 29211<br>Phone: (803) 734-4127<br>Email: thomashydrick@scag.gov<br><br>*Application for pro hac vice admission forthcoming* |
|  | **COUNSEL FOR STATE OF SOUTH CAROLINA** |
| KEN PAXTON<br>Attorney General of Texas | /s/ *Grant Dorfman*<br>Grant Dorfman*<br>Deputy First Assistant<br>Attorney General<br>PO Box 12548<br>Austin, TX 78711<br>Phone: (512) 936-0631<br>Email: Grant.Dorfman@oag.texas.gov<br><br>*Application for pro hac vice admission forthcoming* |
|  | **COUNSEL FOR STATE OF TEXAS** |
| SEAN D. REYES<br>Attorney General of Utah | /s/ *Melissa A. Holyoak*<br>Melissa A. Holyoak*<br>Solicitor General<br>350 North State Street Suite 230 |

Salt Lake City, UT 84114
Phone: (801) 366-0260
Email: melissaholyoak@agutah.gov

*Application for pro hac vice admission forthcoming*

**COUNSEL FOR STATE OF UTAH**

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 30, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Lincoln Davis Wilson*
LINCOLN DAVIS WILSON (#53764)
