UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, STATE OF OREGON, STATE OF ARIZONA, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF DELAWARE, STATE OF ILLINOIS, ATTORNEY GENERAL OF MICHIGAN, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF RHODE ISLAND, STATE OF VERMONT, DISTRICT OF COLUMBIA, STATE OF HAWAII, STATE OF MAINE, STATE OF MARYLAND, STATE OF MINNESOTA, and COMMONWEALTH OF PENNSYVLANIA,<br><br>                Plaintiffs,<br><br>  v.<br><br>UNITED STATES FOOD AND DRUG ADMINISTRATION, ROBERT M. CALIFF, in his official capacity as Commissioner of Food and Drugs, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, and XAVIER | NO. 1:23-CV-3026-TOR<br><br>ORDER GRANTING MOTION FOR CLARIFICATION |

ORDER GRANTING MOTION FOR CLARIFICATION ~ 1

| | |
|---|---|
| BECERRA, in his official capacity as Secretary of the Department of Health and Human Services,<br><br>                   Defendants. | |

BEFORE THE COURT are Defendants' Motion for Clarification and Motion to Expedite. ECF Nos. 81 and 82. The Court has reviewed the record and files herein and is fully informed.

## DISCUSSION

On April 7, 2023, this Court ordered that Defendants are preliminary enjoined from altering the status or rights of the parties under the operative Mifepristone REMS Program until a determination on the merits.

According to Defendants' motion:

> [T]he United States District Court for the Northern District of Texas entered an order invoking 5 U.S.C. § 705 to stay the approval of the new drug application and abbreviated new drug application for mifepristone. *See Alliance for Hippocratic Medicine v. FDA*, 2:22-cv-00223-Z, Dkt. 137 (Apr. 7, 2023). That court stayed its order for seven days to give FDA time to seek relief from the United States Court of Appeals for the Fifth Circuit, and FDA is seeking an emergency stay pending appeal. But if the Texas district court's order takes effect, the order would—of its own force and without any further action by FDA—stay the effectiveness of FDA's prior approvals of mifepristone nationwide. *See id*.

ECF No. 81 at 2–3.

ORDER GRANTING MOTION FOR CLARIFICATION ~ 2

This Court declined to issue a nationwide injunction and only entered a preliminary injunction as it applies to Plaintiff States and the District of Columbia. As the Ninth Circuit recently held:

> Although "there is no bar against ... nationwide relief in federal district court or circuit court," such broad relief must be "necessary to give prevailing parties the relief to which they are entitled." *Bresgal v. Brock*, 843 F.2d 1163, 1170–71 (9th Cir. 1987) (emphasis in original removed in part); *see also Califano v. Yamasaki*, 442 U.S. 682, 702, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) ("[I]njunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs" before the court). This rule applies with special force where there is no class certification. *See Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1501 (9th Cir. 1996) ("[I]njunctive relief generally should be limited to apply only to named plaintiffs where there is no class certification").

*California v. Azar*, 911 F.3d 558, 582–83 (9th Cir. 2018) (footnote omitted).

While courts have the authority to issue nationwide preliminary injunctions, the Ninth Circuit cautions they are for "exceptional cases" that have proof of "an articulated connection to a plaintiff's particular harm." *E. Bay Sanctuary Covenant v. Barr*, 934 F.3d 1026, 1029 (9th Cir. 2019). "District judges must require a showing of nationwide impact or sufficient similarity to the plaintiff states to foreclose litigation in other districts." *Azar*, 911 F.3d at 584; *see also City & Cnty. of San Francisco v. Trump*, 897 F.3d 1225, 1244 (9th Cir. 2018) (noting record must be developed on nationwide impact).

//

ORDER GRANTING MOTION FOR CLARIFICATION ~ 3

The Ninth Circuit expressed several concerns with overbroad injunctions:

> First, "nationwide injunctive relief may be inappropriate where a regulatory challenge involves important or difficult questions of law, which might benefit from development in different factual contexts and in multiple decisions by the various courts of appeals." *L.A. Haven Hospice, Inc. v. Sebelius*, 638 F.3d 644, 664 (9th Cir. 2011). The Supreme Court has repeatedly emphasized that nationwide injunctions have detrimental consequences to the development of law and deprive appellate courts of a wider range of perspectives. *See Califano*, 442 U.S. at 702, 99 S.Ct. 2545 (highlighting that nationwide injunctions "have a detrimental effect by foreclosing adjudication by a number of different courts and judges"); *United States v. Mendoza*, 464 U.S. 154, 160, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984) (concluding that allowing nonmutual collateral estoppel against the government would "substantially thwart the development of important questions of law by freezing the first final decision rendered on a particular legal issue" and "deprive [the Supreme] Court of the benefit it receives from permitting several courts of appeals to explore a difficult question before [the Supreme] Court grants certiorari"); *Arizona v. Evans*, 514 U.S. 1, 23 n.1, 115 S.Ct. 1185, 131 L.Ed.2d 34 (1995) (Ginsburg, J., dissenting) ("We have in many instances recognized that when frontier legal problems are presented, periods of 'percolation' in, and diverse opinions from, state and federal appellate courts may yield a better informed and more enduring final pronouncement by this Court").

\* \* \*

> There are also the equities of non-parties who are deprived the right to litigate in other forums. *See* Zayn Siddique, *Nationwide Injunctions*, 117 COLUM. L. REV. 2095, 2125 (2017) ("A plaintiff may be correct that a particular agency action is unlawful or unduly burdensome, but remedying this harm with an overbroad injunction can cause serious harm to nonparties who had no opportunity to argue for more limited relief"). Short of intervening in a case, non-parties are essentially deprived of their ability to participate, and these collateral consequences are

ORDER GRANTING MOTION FOR CLARIFICATION ~ 4

not minimal.  Nationwide injunctions are also associated with forum shopping, which hinders the equitable administration of laws.  *See* Samuel L. Bray, *Multiple Chancellors: Reforming the National Injunction*, 131 HARV. L. REV. 417, 458-59 (2017) (citing five nationwide injunctions issued by Texas district courts in just over a year).

*Azar*, 911 F.3d at 583.

Defendants seek clarification regarding their obligations in light of a potentially contradictory order out of the Northern District of Texas.  ECF No. 81.  That order is currently stayed and was not in effect at the time of this Court's preliminary injunction.  *Id.* at 2.  Under these circumstances, because the Court has jurisdiction over the parties before it and limited its preliminary injunction only to the Plaintiff States and the District of Columbia, this Court's preliminary injunction was effective as of April 7, 2023 and must be followed by Defendants.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Clarification and Motion to Expedite, ECF Nos. 81 and 82, are **GRANTED**.

2. Pursuant to Federal Rule of Civil Procedure 65(a), irrespective of the Northern District of Texas Court ruling or the Fifth Circuit's anticipated ruling, Defendants and their officers, agents, servants, employees, attorneys, and any person in active concert or participation, are **PRELIMINARILY ENJOINED** from:

"altering the status quo and rights as it relates to the availability of Mifepristone under the current operative January 2023 Risk Evaluation and Mitigation Strategy under 21 U.S.C. § 355-1 in Plaintiff States and the District of Columbia."

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED April 13, 2023.



THOMAS O. RICE
United States District Judge

ORDER GRANTING MOTION FOR CLARIFICATION ~ 6