1    ROBERT W. FERGUSON
     Attorney General
2    NOAH GUZZO PURCELL, WSBA #43492
     Solicitor General
3    KRISTIN BENESKI, WSBA #45478
     First Assistant Attorney General
4    COLLEEN M. MELODY, WSBA #42275
     Civil Rights Division Chief
5    ANDREW R.W. HUGHES, WSBA #49515
     LAURYN K. FRAAS, WSBA #53238
6    Assistant Attorneys General
     TERA M. HEINTZ, WSBA #54921
7    Deputy Solicitor General
     800 Fifth Avenue, Suite 2000
8    Seattle, WA  98104-3188
     (206) 464-7744
9

10              **UNITED STATES DISTRICT COURT**
                **EASTERN DISTRICT OF WASHINGTON**
11

12   STATE OF WASHINGTON, et al.,          NO. 1:23-cv-03026-TOR

13                        Plaintiffs,      PLAINTIFF STATES' RESPONSE
                                           TO MOTION TO INTERVENE
14          v.

15   UNITED STATES FOOD AND
     DRUG ADMINISTRATION, et al.,
16
                         Defendants.
17

18

19

20

21

22

PLAINTIFF STATES' RESPONSE TO              ATTORNEY GENERAL OF WASHINGTON
MOTION TO INTERVENE                              Complex Litigation Division
NO. 1:23-CV-03026-TOR                           800 Fifth Avenue, Suite 2000
                                                   Seattle, WA  98104-3188
                                                      (206) 464-7744

1
## I.    INTRODUCTION

2      Seven states with restrictive abortion laws and policies—Idaho, Iowa,

3 Montana, Nebraska, South Carolina, Texas, and Utah (the "Proposed

4 Intervenors")—seek to intervene in this action addressing FDA's regulation of

5 mifepristone, in spite of the abundant evidence of the drug's safety and efficacy.

6 But the Proposed Intervenors' asserted interest in enforcing their own state laws

7 is entirely divorced from the claims and issues raised in this lawsuit. Instead, as

8 the Proposed Intervenors candidly admit in their Motion to Expedite (ECF No.

9 90), their interest is in appealing an order this Court has already issued, on a

10 motion in which they did not seek to participate.

11      That falls far short of the requirements of Rule 24. The Proposed

12 Intervenors have no protectable interest here, because this challenge to federal

13 agency action will not affect the Proposed Intervenors' laws or ability to regulate

14 abortion within their borders. Nor is it necessary or appropriate to expand the

15 scope of this lawsuit to include their claims seeking to restore a previous FDA

16 restriction on mifepristone that is not the subject of this case, but is already the

17 subject of separate litigation elsewhere. The sparse and conclusory Motion to

18 Intervene fails to establish any of the factors warranting either mandatory or

19 permissive intervention. The Motion should be denied.

20
## II.    ARGUMENT

21
### A.    There Is No Right to Mandatory Intervention

22      The Proposed Intervenors do not meet their burden of demonstrating any

PLAINTIFF STATES' RESPONSE TO
MOTION TO INTERVENE
NO. 1:23-CV-03026-TOR

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    of the four mandatory intervention factors. *Cooper v. Newsom*, 13 F.4th 857,

2    864–65 (9th Cir. 2021). "Failure to satisfy any one of the requirements is

3    fatal . . . ." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th

4    Cir. 2009).

5

6    **1.    The Proposed Intervenors do not have a significantly protectable interest in the claims at issue in this litigation**

7    As a threshold matter, the Proposed Intervenors' assertion that "practical

8    considerations" drive the "significantly protectable interest" analysis and broadly

9    favor intervention, ECF No. 76 at 2, 4–5, is incorrect. The Ninth Circuit recently

10   held that, notwithstanding its prior "liberal policy in favor of intervention," if the

11   two "core," "irreducible" elements of Rule 24(a)(2)'s "significantly protectable

12   interest" analysis are not satisfied, "a putative intervenor lacks *any* interest under

13   Rule 24(a)(2), *full stop*." *Cal. Dep't of Toxic Substances Control v. Jim Dobbas,*

14   *Inc.*, 54 F.4th 1078, 1088 (9th Cir. 2022) (emphasis added). The Proposed

15   Intervenors cannot satisfy this standard.

16   At its "irreducible minimum," those two core elements are that: (1) "the

17   asserted interest be protectable under some law," and (2) "there exists a

18   relationship between the legally protected interest and the claims at issue." *Id.* at

19   1088 (cleaned up). Seeking to pursue a similar claim to the existing lawsuit is not

20   enough; a putative intervenor must establish that resolution of the lawsuit

21   "actually will affect" its legally protected interest. *Donnelly v. Glickman*, 159

22   F.3d 405, 409–11 (9th Cir. 1998). In *Donnelly*, intervention was denied where

PLAINTIFF STATES' RESPONSE TO
MOTION TO INTERVENE
NO. 1:23-CV-03026-TOR

2

1     female plaintiffs raised sex discrimination claims and the putative intervenors

2     sought to raise similar claims against the same employer on behalf of men. *Id*.

3     The court held that the male employees' claims were "unrelated" to the plaintiffs'

4     "*particular* claims of 'hostile-work-environment' discrimination" because none

5     of the plaintiffs' remedies—aimed at ending harassment of women—would

6     directly or necessarily affect the putative intervenors' claimed interest in

7     preventing discrimination against men. *Id*.

8        The same is true here. The Proposed Intervenors' claims solely concern

9     FDA's elimination of a prior in-person dispensing requirement. But this lawsuit

10    challenges different REMS restrictions (*i.e.*, the patient agreement form, provider

11    certification, and pharmacy certification). *See* ECF No. 35 ¶¶ 1–8. The in-person

12    dispensing requirement is not at issue in this case and will neither be eliminated

13    nor reinstated as a result of this suit. For this reason alone, intervention should be

14    denied. *Donnelly*, 159 F.3d at 409–10 (for intervention, "[i]t is not enough that

15    both groups assert [similar] claims against the same defendants"); *Ctr. for*

16    *Biological Diversity v. Lubchenco*, No. 09-04087 EDL, 2010 WL 1038398, at *2

17    (N.D. Cal. Mar. 19, 2010) (denying intervention where Alaska's claimed interests

18    in wildlife management were not "sufficiently related to" whether federal agency

19    erred in not listing ribbon seal as endangered species).

20        The Proposed Intervenors' invocation of their own state abortion laws and

21    the "health and well-being" of their residents, ECF No. 76 at 4, does not alter this

22    conclusion. First, their concerns about the "ability to enforce" their *more*

PLAINTIFF STATES' RESPONSE TO       3       ATTORNEY GENERAL OF WASHINGTON
MOTION TO INTERVENE                                 Complex Litigation Division
NO. 1:23-CV-03026-TOR                                800 Fifth Avenue, Suite 2000
                                                Seattle, WA  98104-3188
                                                (206) 464-7744

1     restrictive abortion laws are illogical. *Id.* The Plaintiff States do not challenge

2     any of the Proposed Intervenors' laws on abortion, which impose additional

3     restrictions beyond FDA's REMS. *See, e.g.*, ECF No. 76-1 ¶¶ 52, 73, 75; *see also*

4     *infra* at 6. Accordingly, "resolution of this case would not impair those States'

5     ability to enforce their own laws regulating mifepristone." *See Am. College of*

6     *Obstetricians & Gynecologists (ACOG) v. FDA*, 467 F. Supp. 3d 282, 286 (D.

7     Md. 2020) (denying intervention to ten states in action challenging FDA's in-

8     person dispensing requirement).

9         Further, the Proposed Intervenors "have not submitted evidence to support

10    their fears" of any harm to their residents based on the 2023 REMS, "other than

11    [their] speculative beliefs." *Standard Heating & Air Conditioning Co. v. City of*

12    *Minneapolis*, 137 F.3d 567, 571 (8th Cir. 1998) (denying intervention because

13    interests were too speculative to be "direct, substantial and legally protectable");

14    *see also United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)

15    (speculative interests insufficient to support a right to intervention); *Donnelly*,

16    159 F.3d at 411. Moreover, a core premise of their assertion of harm is factually

17    mistaken. They highlight the "23-year requirement" that mifepristone be

18    "administered in person in a clinical setting." ECF No. 76-1 ¶ 61. But since 2016,

19    the REMS has allowed patients to take mifepristone "at a location of [their]

20

21

22

PLAINTIFF STATES' RESPONSE TO
MOTION TO INTERVENE
NO. 1:23-CV-03026-TOR

4

1    choice." *See ACOG*, 467 F. Supp. 3d at 285. The 2023 REMS did not alter this.[1]

2       In any event, because "this case will not eliminate any state's ability to

3    continue to regulate medication abortion," the Proposed Intervenors' "broader

4    policy interests . . . cannot serve as a basis for mandatory intervention." *ACOG*,

5    467 F. Supp. 3d at 289.

6       ### 2.    Disposition of this suit will not impair the Proposed Intervenors' regulation of abortion within their borders

7       Because the Proposed Intervenors have failed to demonstrate a

8    significantly protectable interest in the claims at issue in this case, "there can be

9    no impairment of the ability to protect it." *Am. Ass'n of People with Disabilities*

10   *v. Herrera*, 257 F.R.D. 236, 252 (D.N.M. 2008); *see also United States v.*

11   *Arizona*, 2010 WL 11470582, at *3 (D. Ariz. Oct. 28, 2010). But even if they had

12   such an interest, they still fail to establish impairment.

13      Fundamentally, the claims in this lawsuit are factually and legally distinct

14   from the claims the Proposed Intervenors seek to assert against removal of the

15   in-person dispensing requirement. And even if they could show this case might

16   *affect* their interests, they cannot prove *impairment* because they have "other

17   means by which [they] may protect" those interests. *Alisal Water Corp.*, 370 F.3d

18   at 921. As discussed above, a ruling in this case does not affect the Proposed

19   _____

20      [1] For these same reasons, Proposed Intervenors lack standing. *Jim Dobbas*,

21   54 F.4th at 1085 (intervenors seeking relief "that is broader than or different from

22   the relief sought by existing parties" must "possess constitutional standing").

PLAINTIFF STATES' RESPONSE TO
MOTION TO INTERVENE
NO. 1:23-CV-03026-TOR

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    Intervenors' abilities to regulate abortion within their borders. *Supra* at 4. Just as

2    in *ACOG*, "Plaintiffs do not seek the invalidation of the States' abortion laws."

3    *ACOG*, 467 F. Supp. 3d at 289. Notably, many of the Proposed Intervenors have

4    already imposed their own state-law restrictions on medication abortion,

5    including REMS-like requirements. *See, e.g.*, Neb. Rev. Stat. § 28-335(2)

6    (requiring physicians to be physically present during medication abortions); Utah

7    Code 76-7-302(4) ("An abortion may be performed only in an abortion clinic or

8    a hospital . . . ."); Idaho Code § 18-622 (banning abortions except in extremely

9    limited circumstances); Tex. Health & Safety Code §§ 245.002, 170A.002

10    (criminalizing the provision of nearly all abortions, including medication

11    abortion). This lawsuit requests no relief related to those state laws.

12        Further, the Proposed Intervenors can assert their purported interests via

13    their own lawsuit, rather than seeking to commandeer this one. *See United States*

14    *v. City of Los Angeles*, 288 F.3d 391, 402 (9th Cir. 2002) (denying intervention

15    where it was "doubtful" that police reform advocates' "interests are impaired by"

16    order relating to LAPD constitutional violations because "[t]he litigation does not

17    prevent any individual from initiating suit against LAPD officers who engage in

18    unconstitutional practices"); *Mi Pueblo San Jose, Inc. v. City of Oakland*, C06-

19    4094VRW, 2007 WL 578987, at *7 (N.D. Cal. Feb. 21, 2007) ("[I]ntervention is

20    also improper because alternative forums exist for Asociacion to vindicate its

21    asserted interests."); *California v. Health & Hum. Servs.*, 330 F.R.D. 248, 254

22    (N.D. Cal. 2019) ("[T]his action will not impede or impair [Oregon's] ability to

PLAINTIFF STATES' RESPONSE TO
MOTION TO INTERVENE
NO. 1:23-CV-03026-TOR

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    protect [its] interests, because Oregon could adequately protect those interests by

2    filing a separate suit . . . ."). Indeed, a separate lawsuit addressing the in-person

3    dispensing requirement's legality is being actively litigated in Texas. Compl., *All.*

4    *for Hippocratic Med. v. FDA*, No. 2:22-cv-00223-Z (N.D. Tex.), ECF No. 1 ¶

5    394. For this reason, the Proposed Intervenors' reliance on *California ex rel.*

6    *Lockyer v. United States*, 450 F.3d 436, 443 (9th Cir. 2006), is misplaced because

7    there, the court determined the proposed intervenors would have been barred

8    from bringing "a separate suit where they could argue" their position. By contrast,

9    because the Proposed Intervenors have other ways to pursue their legal interests

10    (including seeking intervention in the Texas litigation), they cannot show that

11    this case will impair any significant protectable interest.[2]

12    ### 3.    If the Proposed Intervenors have a protectable interest in this suit, FDA can adequately represent it

13    The Proposed Intervenors have failed to demonstrate that FDA does not

14    adequately represent their interests as they pertain to this lawsuit. As made clear

15    by the proposed complaint (ECF No. 76-1), their claims solely concern FDA's

16    elimination of the in-person dispensing requirement, not the restrictions

17    challenged by the Plaintiff States. Of course, any nonparty can assert that existing

18    parties will not raise and prosecute new claims on its behalf—but that is not the

19    _____

20    [2] Proposed Intervenors have asserted no protectable interest that could be

21    impaired by this Court's preliminary injunction, which in any event is limited by

22    its terms to the Plaintiff States and does not apply to Proposed Intervenors.

PLAINTIFF STATES' RESPONSE TO
MOTION TO INTERVENE
NO. 1:23-CV-03026-TOR

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    purpose of Rule 24. *See Piedmont Paper Prods., Inc. v. Am. Fin. Corp.*, 89 F.R.D.

2    41, 43–44 (S.D. Ohio 1980) (denying intervention because, although no

3    "defendants have any interest in asserting the counterclaims advanced by the

4    applicant . . . [w]ith regard to defense of *this action*, the applicant seeks relief

5    identical to that requested by the current defendants") (emphasis added).

6         Moreover, even if the Proposed Intervenors asserted an interest that could

7    be impaired by the current litigation, FDA adequately represents it. FDA has

8    every incentive and ability to defend its own decision on the REMS requirements

9    challenged here, and indeed is vigorously doing so. *See* ECF No. 51 (FDA Opp'n

10   to Mot. for Prelim. Injun.); *see, e.g.*, *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d

11   765, 768 (9th Cir. 1997); *Am. Fed'n of State, Cty. & Mun. Emps. Council 79 v.*

12   *Scott*, 278 F.R.D. 664, 670 (S.D. Fla. 2011) ("The [proposed intervenor's]

13   interests . . . are impaired only if the [Executive Order] is ruled unconstitutional.

14   However, the [defendant] Governor . . . has every reason to defend this policy.").

15   For this reason too, mandatory intervention is inappropriate.

16        **4.      The Motion to Intervene is untimely**

17        Finally, the Proposed Intervenors' motion is untimely under the

18   circumstances. *See Alisal Water Corp.*, 370 F.3d at 921 ("Timeliness is a flexible

19   concept; its determination is left to the district court's discretion."); *League of*

20   *United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997) ("[T]he

21   timeliness inquiry demands a more nuanced, pragmatic approach."). In particular,

22   they seek expedited consideration based on the deadline for appealing this

PLAINTIFF STATES' RESPONSE TO
MOTION TO INTERVENE
NO. 1:23-CV-03026-TOR

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1      Court's preliminary injunction—an injunction that does not affect any legitimate

2      interest of the Proposed Intervenors, as it is expressly limited to the eighteen

3      Plaintiff States. ECF No. 90 at 2; Beneski Decl. Ex. A (confirming that Proposed

4      Intervenors seek to be "included with respect to any appeal rights that may run

5      from the court's grant of preliminary relief"). And yet, they did not move to

6      intervene until *after* the preliminary injunction was fully briefed and argued.

7      **B.    Permissive Intervention Should Be Denied**

8              Permissive intervention is "not intended to allow the creation of whole new

9      lawsuits by the intervenors." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 804 (9th

10     Cir. 2002), *modified*, 307 F.3d 943 (9th Cir. 2002) (cleaned up). Because

11     intervention will vastly complicate this case without any benefit, this Court

12     should reject the Proposed Intervenors' bid for permissive intervention as well.

13             First, there is no "common question of law or fact" between the existing

14     lawsuit and the elimination of the in-person dispensing requirement such that

15     intervention under Rule 24(b)(1)(B) is warranted. Although the Proposed

16     Intervenors assert their claims are "grounded in the same facts and the same laws"

17     as the Plaintiff States', ECF No. 76 at 7, permissive intervention is not an

18     appropriate vehicle to bring tangentially related claims that would "unnecessarily

19     expand[] the lawsuit" beyond its original scope. *Van Hoomissen v. Xerox Corp.*,

20     497 F.2d 180, 182 (9th Cir. 1974) (denying EEOC intervention to bring claims

21     alleging discriminatory hiring practices in a retaliation lawsuit); *see also Cooper*,

22     13 F.4th at 868 (denying intervention by district attorneys seeking to enforce

1   execution protocol where they did not draft the protocol and were not authorized

2   to defend its constitutionality, the issue in the "main action").

3        Permitting the Proposed Intervenors to inject tangential claims will also

4   unduly delay and increase the complexity of this litigation. Fed. R. Civ. P.

5   24(b)(3); *Perry*, 587 F.3d at 955–56. As the *ACOG* court recognized, "permissive

6   intervention is [] not advisable because it would result in the injection of issues

7   relating to numerous different state laws into a case that . . . focuses squarely on

8   federal regulations." 467 F. Supp. at 292 ("intervention would require the Court

9   to grapple with issues of the laws of ten different states"); *see* Dkt. 76-1 ¶¶ 55,

10  71, 80, 85, 90, 100 (alleging FDA's elimination of the in-person dispensing

11  requirement upset reliance interests baked into their state laws). In short, this

12  Court should deny the Proposed Intervenors' request that the Court manage two,

13  unrelated cases under one, unwieldy docket number. *See Stringfellow v.*

14  *Concerned Neighbors in Action*, 480 U.S. 370, 380, (1987) ("[A] . . . judge's

15  decision on how best to balance the rights of the parties against the need to keep

16  the litigation from becoming unmanageable is entitled to great deference.");

17  *Montgomery v. Rumsfeld*, 572 F.2d 250, 255 (9th Cir. 1978) (affirming denial of

18  permissive intervention that would "unnecessarily delay and complicate the

19  case"). Accordingly, permissive intervention should be denied.

20        **III.   CONCLUSION**

21        For the foregoing reasons, the Plaintiff States respectfully request that the

22  Court deny Proposed Intervenors' Motion to Intervene.

PLAINTIFF STATES' RESPONSE TO
MOTION TO INTERVENE
NO. 1:23-CV-03026-TOR

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1      DATED this 13th day of April, 2023.

2                                    ROBERT W. FERGUSON
                                     Attorney General
3
                                     /s/ Kristin Beneski
4                                    NOAH GUZZO PURCELL, WSBA #43492
                                     Solicitor General
5                                    KRISTIN BENESKI, WSBA #45478
                                     First Assistant Attorney General
6                                    COLLEEN M. MELODY, WSBA #42275
                                     Civil Rights Division Chief
7                                    ANDREW R.W. HUGHES, WSBA #49515
                                     LAURYN K. FRAAS, WSBA #53238
8                                    Assistant Attorneys General
                                     TERA M. HEINTZ, WSBA #54921
9                                    Deputy Solicitor General
                                     800 Fifth Avenue, Suite 2000
10                                   Seattle, WA 98104-3188
                                     (206) 464-7744
11                                   Attorneys for Plaintiff State of Washington

12

13                                   ELLEN F. ROSENBLUM
                                     Attorney General of Oregon
14
                                     /s/ Carla A. Scott
15                                   SANDER MARCUS HULL, WSBA #35986
                                     CARLA A. SCOTT, WSBA #39947
16                                   Senior Assistant Attorneys General
                                     YOUNGWOO JOH, OSB #164105
17                                   Assistant Attorney General
                                     Trial Attorneys
18                                   Tel: (971) 673-1880
                                     Fax: (971) 673-5000
19                                   marcus.hull@doj.state.or.us
                                     carla.a.scott@doj.state.or.us
20                                   youngwoo.joh@doj.state.or.us
                                     Attorneys for State of Oregon

21

22

PLAINTIFF STATES' RESPONSE TO              11            ATTORNEY GENERAL OF WASHINGTON
MOTION TO INTERVENE                                            Complex Litigation Division
NO. 1:23-CV-03026-TOR                                        800 Fifth Avenue, Suite 2000
                                                                Seattle, WA 98104-3188
                                                                    (206) 464-7744

1

KRIS MAYES
Attorney General of Arizona

2

/s/ Daniel C. Barr

3

Daniel C. Barr (Arizona No. 010149)
Chief Deputy Attorney General

4

Luci D. Davis (Arizona No. 35347)
Office of the Attorney General of Arizona

5

2005 N. Central Ave.
Phoenix, AZ 85004-1592

6

Phone: (602) 542-8080
Email:    Daniel.Barr@azag.gov

7

            Luci.Davis@azag.gov
Attorneys for Plaintiff State of Arizona

8

9

PHILIP J. WEISER
Attorney General of Colorado

10

/s/ Eric Olson

11

ERIC OLSON, CO #36414
Solicitor General

12

MICHAEL MCMASTER, CO #42368
Assistant Solicitor General

13

Office of the Attorney General
Colorado Department of Law

14

1300 Broadway, 10th Floor
Denver, CO 80203

15

Phone: (720) 508-6000
Attorneys for Plaintiff State of Colorado

16

17

WILLIAM TONG
Attorney General of Connecticut

18

/s/ Joshua Perry

19

Joshua Perry*
Solicitor General
Office of the Connecticut Attorney General

20

165 Capitol Ave, Hartford, CT 06106
Joshua.perry@ct.gov

21

(860) 808-5372
Fax: (860) 808-5387

22

Attorney for Plaintiff State of Connecticut

PLAINTIFF STATES' RESPONSE TO
MOTION TO INTERVENE
NO. 1:23-CV-03026-TOR

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

KATHLEEN JENNINGS
Attorney General of Delaware

*/s/ Vanessa L. Kassab*
VANESSA L. KASSAB
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
302-683-8899
vanessa.kassab@delaware.gov
*Attorney for Plaintiff State of Delaware*


KWAME RAOUL
Attorney General of Illinois

*/s/ Caitlyn G. McEllis*
Caitlyn G. McEllis (6306561)
Senior Policy Counsel
Office of the Illinois Attorney General
100 West Randolph Street
Chicago, IL 60601
Phone: (312) 793-2394
Caitlyn.McEllis@ilag.gov
*Attorney for Plaintiff State of Illinois*


DANA NESSEL
Attorney General of Michigan

*/s/ Stephanie M. Service*
Stephanie M. Service (P73305)
Assistant Attorney General
Michigan Department of Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
ServiceS3@michigan.gov
*Attorney for Plaintiff Attorney General of
Michigan*

PLAINTIFF STATES' RESPONSE TO
MOTION TO INTERVENE
NO. 1:23-CV-03026-TOR

13

1

2 AARON D. FORD
Attorney General of Nevada

3
_/s/ Heidi Parry Stern_

4 Heidi Parry Stern (Bar. No. 8873)*
Solicitor General

5 Office of the Nevada Attorney General
555 E. Washington Ave., Ste. 3900

6 Las Vegas, NV 89101
HStern@ag.nv.gov

7 _Attorney for Plaintiff State of Nevada_

8

9 RAÚL TORREZ
Attorney General of New Mexico

10 _/s/ Aletheia Allen_
Aletheia Allen

11 Solicitor General
New Mexico Office of the Attorney General

12 201 Third St. NW, Suite 300
Albuquerque, NM 87102

13 AAllen@nmag.gov
_Attorney for Plaintiff State of New Mexico_

14

15 PETER F. NERONHA
Attorney General of Rhode Island

16
_/s/ Julia C. Harvey_

17 JULIA C. HARVEY #10529
Special Assistant Attorney General

18 150 S. Main Street
Providence, RI 02903

19 (401) 274-4400 x2103
_Attorney for Plaintiff State of Rhode Island_

20

21

22

PLAINTIFF STATES' RESPONSE TO
MOTION TO INTERVENE
NO. 1:23-CV-03026-TOR

14

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    CHARITY R. CLARK
       Attorney General of Vermont
2
       */s/ Eleanor L.P. Spottswood*
3    ELEANOR L.P. SPOTTSWOOD*
       Solicitor General
4    109 State Street
       Montpelier, VT 05609-1001
5    (802)793-1646
       eleanor.spottswood@vermont.gov
6    *Attorney for Plaintiff State of Vermont*

7

8    BRIAN L. SCHWALB
       Attorney General for the District of
9    Columbia
       JENNIFER C. JONES
10    Deputy Attorney General
       Public Advocacy Division
11    WILLIAM STEPHENS
       Counsel to the Deputy
12
       */s/ Nicole S. Hill*
13    NICOLE S. HILL
       Assistant Attorney General
14    Office of the Attorney General for the
       District of Columbia
15    400 Sixth Street, N.W.
       Washington, D.C. 20001
16    (202) 727-4171
       nicole.hill@dc.gov
17    *Attorneys for Plaintiff District of Columbia*

18

19

20

21

22

PLAINTIFF STATES' RESPONSE TO          15          ATTORNEY GENERAL OF WASHINGTON
MOTION TO INTERVENE                                 Complex Litigation Division
NO. 1:23-CV-03026-TOR                               800 Fifth Avenue, Suite 2000
                                                     Seattle, WA  98104-3188
                                                     (206) 464-7744

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ANNE E. LOPEZ
Attorney General

*/s/ Erin N. Lau*
Erin N. Lau 009887*
465 South King St., Room 200
Honolulu, Hawaii 96813
Erin.N.Lau@hawaii.gov
Counsel for the State of Hawaii

AARON M. FREY
Attorney General

*/s/ Halliday Moncure*
Halliday Moncure, Bar No. 4559
Assistant Attorney General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
(207) 626-8800
halliday.moncure@maine.gov

ANTHONY G. BROWN
Attorney General of Maryland

*/s/Steven M. Sullivan*
STEVEN M. SULLIVAN*
Solicitor General
Office of the Attorney General of Maryland
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
(410) 576-6427
ssullivan@oag.state.md.us
*Attorney for Plaintiff State of Maryland*

PLAINTIFF STATES' RESPONSE TO
MOTION TO INTERVENE
NO. 1:23-CV-03026-TOR

16

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1
2      KEITH ELLISON
       Attorney General
3      State of Minnesota

4      */s/Liz Kramer*
       LIZ KRAMER (#0325089)
5      Solicitor General
       JENNIFER OLSON (#0391356)
6      Assistant Attorney General
       445 Minnesota Street, Suite 1400
7      St. Paul, Minnesota 55101-2131
       (651) 757-1010 (Voice)
8      (651) 282-5832 (Fax)
       liz.kramer@ag.state.mn.us
9      jennifer.olson@ag.state.mn.us
       *Attorneys for Plaintiff State of Minnesota*
10

11     MICHELLE A. HENRY
       Attorney General of Pennsylvania
12

13     */s/ Jill M. Graziano*
       JILL M. GRAZIANO (Pa Bar No. 82725)
14     Chief Counsel to the Attorney General
       1000 Madison Ave., Ste. 310
15     Norristown, PA 19403
       jgraziano@attorneygeneral.gov
16     (484) 460-1330
       *Attorney for the Commonwealth of*
17     *Pennsylvania*

18

19     **Applications for pro hac vice admission*
       *forthcoming*
20

21

22

PLAINTIFF STATES' RESPONSE TO              17        ATTORNEY GENERAL OF WASHINGTON
MOTION TO INTERVENE                                        Complex Litigation Division
                                                           800 Fifth Avenue, Suite 2000
NO. 1:23-CV-03026-TOR                                       Seattle, WA 98104-3188
                                                               (206) 464-7744

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that on April 13, 2023, I electronically filed the foregoing

3    with the Clerk of the Court using the CM/ECF System, which in turn

4    automatically generated a Notice of Electronic Filing (NEF) to all parties in the

5    case who are registered users of the CM/ECF system. The NEF for the foregoing

6    specifically identifies recipients of electronic notice.

7          DATED this 13th day of April, 2023, at Seattle, Washington.

8                                              */s/ Kristin Beneski*
                                           KRISTIN BENESKI, WSBA #45478
9                                          First Assistant Attorney General

10

11

12

13

14

15

16

17

18

19

20

21

22

PLAINTIFF STATES' RESPONSE TO                    18         ATTORNEY GENERAL OF WASHINGTON
MOTION TO INTERVENE                                              Complex Litigation Division
NO. 1:23-CV-03026-TOR                                            800 Fifth Avenue, Suite 2000
                                                                  Seattle, WA  98104-3188
                                                                       (206) 464-7744