ROBERT W. FERGUSON
Attorney General
NOAH GUZZO PURCELL, WSBA #43492
Solicitor General
KRISTIN BENESKI, WSBA #45478
First Assistant Attorney General
COLLEEN M. MELODY, WSBA #42275
Civil Rights Division Chief
ANDREW R.W. HUGHES, WSBA #49515
LAURYN K. FRAAS, WSBA #53238
Assistant Attorneys General
TERA M. HEINTZ, WSBA #54921
Deputy Solicitor General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, et al., | NO. 1:23-cv-03026-TOR |
| Plaintiffs, | PLAINTIFF STATES' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD |
| v. | |
| UNITED STATES FOOD AND DRUG ADMINISTRATION, et al., | 02/20/2024<br>Without Oral Argument |
| Defendants. | |

PLAINTIFF STATES' MOTION TO
SUPPLEMENT THE
ADMINISTRATIVE RECORD

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## I. INTRODUCTION

This case is about whether the Food and Drug Administration (FDA) acted arbitrarily, capriciously, or contrary to law when it decided—against the overwhelming weight of the evidence before it and the professional medical consensus—to restrict access to mifepristone by re-imposing a set of burdensome and unnecessary restrictions known as a Risk Evaluation and Mitigation Strategy (REMS). The REMS includes Elements to Assure Safe Use (ETASU), mandatory restrictions meant to be reserved in rare cases for exceptionally dangerous drugs. Despite mifepristone's extraordinarily strong safety record, FDA irrationally and unlawfully singled this medication out for the most onerous form of restrictions.

To facilitate meaningful judicial review under the Administrative Procedure Act (APA), FDA must submit the *whole* administrative record—i.e., all materials that were before FDA when it decided to impose the REMS, including evidence that contradicts FDA's position. Here, however, FDA has submitted an incomplete record. To begin, glaringly absent is a key document that this Court has already found was "before FDA": a 2022 citizen petition filed by the American College of Obstetricians and Gynecologists (ACOG) and 48 other signatories, formally asking FDA to lift the REMS based on abundant evidence that these restrictions are unnecessary and impede access to an essential medication. ECF No. 80 at 17. After "carefully consider[ing]" ACOG's citizen petition, FDA denied it on the very same day that it imposed the current REMS: January 3, 2023. ECF No. 1-20 at 2. FDA's denial letter is missing from the record, too.

PLAINTIFF STATES' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   Additionally, the produced record excludes the Turnaway Study, a landmark study on abortion access that is cited at least 35 times within the produced record, including in a 2016 letter to FDA signed by the very entity that conducted the study. This study was before FDA and was—or should have been—considered.

The Plaintiff States therefore request that the Court order FDA to supplement the filed record to include the ACOG citizen petition and the documents cited therein, FDA's letter denying the ACOG citizen petition, and the Turnaway Study.

## II.   BACKGROUND

### A.   The Court's Preliminary Injunction Ruling

This lawsuit alleges, *inter alia*, that the mifepristone REMS is contrary to law, exceeds FDA's statutory authority, and is arbitrary and capricious. ECF No. 35 at 88-89. In April 2023, this Court preliminarily enjoined FDA from altering the status quo and rights as it relates to the availability of mifepristone in the Plaintiff States under the current REMS. ECF No. 80. In its order, the Court addressed the States' argument that they were not required to petition FDA before filing suit because they and others had already done so, and recognized that:

> In 2020, fifteen Plaintiff States asked FDA to eliminate the REMS patient agreement and certification requirements as "onerous and medically unnecessary" and received a form response from FDA. ECF No. 60 at 5. In 2021, FDA conducted a "full review" of REMS, including information about comparator drugs with mifepristone. ECF No. 60 at 7. In 2022, the ACOG and other medical and professional healthcare access organizations petitioned FDA to, in part, eliminate the REMS as medically unnecessary and unduly burdensome for uses of mifepristone, primarily for miscarriage

PLAINTIFF STATES' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD
2
ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

management. ECF Nos. 35 at 47, ¶ 139; 60 at 4; 61-1. FDA rejected ACOG's citizen petition. ECF No. 35 at 51, ¶ 144.

*Id.* at 16-17. Thus, the Court concluded: "Based on the information and requests already put forth before FDA, FDA cannot credibly argue that its decision on the Mifepristone REMS Program would change upon another citizen petition." *Id.*

As to the merits, the Court explained that FDA may impose a REMS if it "determines, after considering six factors, it is 'necessary to ensure that the benefits of the drug outweigh the risks of the drug.'" *Id.* at 18–19 (quoting 21 U.S.C. § 355-1(a)(1)). "Moreover, a REMS may include . . . [ETASU] due to a drug's 'inherent toxicity or potential harmfulness' if the drug has 'been shown to be effective, but is associated with a serious adverse drug experience, [and] can be approved only if, or would be withdrawn unless, such elements are required as part of such strategy to mitigate a specific serious risk listed in the labeling of the drug.'" *Id.* at 19 (quoting 21 U.S.C. § 355-1(f)(1)(A)).

Based on the record at that stage, the Court found, *inter alia*, that "FDA did not assess whether mifepristone qualifies for REMS and ETASU based on the criteria set forth" in the governing statutes. *Id.* at 21. Thus, "it appears FDA failed to consider an important aspect of the problem." *Id.* (citing *Turtle Island Restoration Network v. U.S. Dep't of Com.*, 878 F.3d 725, 732 (9th Cir. 2017)). Further, responding to FDA's contention that it "need only determine whether modifications are appropriate" without addressing whether mifepristone actually qualifies for ETASU, the Court found that "it would be contrary to the plain

PLAINTIFF STATES' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  language of the statute that the agency need not consider arguments that
2  mifepristone's REMS and ETASU should be removed in whole or part" based on
3  statutorily-established criteria. *Id.* at 20-21.

4  **B.  FDA's Production of the Administrative Record**

5  On September 1, 2023, FDA notified the Plaintiff States that its production
6  of the administrative record was complete, and filed an Index of the same. ECF
7  No. 127; Beneski Decl. ¶ 3. The produced record consists of approximately 5,099
8  pages, and includes some of the documents that the Court recognized were "before
9  FDA" when it decided to impose the current REMS restrictions. *See* ECF No. 80
10 at 16-17; Williams Decl. ¶ 5. However, the produced record did not include the
11 2022 citizen petition filed by ACOG and 48 other organizations (ECF No. 61-1),
12 or FDA's January 3, 2023, letter denying the petition (ECF No. 1-20). *Id.* ¶ 6. Nor
13 did it include the Turnaway Study, a landmark study that is cited at least 35 times
14 within the produced record, including in a 2016 letter to FDA signed by the entity
15 that conducted the study and 29 other organizations. *Id.*; *see* ECF No. 1-9 at 3;
16 ECF No. 35 ¶ 95 & n.19.

17 After comprehensively reviewing the produced record, in December 2023,
18 the Plaintiff States advised FDA that these and other documents were missing, and
19 requested that FDA supplement the record accordingly. Beneski Decl. ¶ 4. FDA
20 agreed to add some of the missing documents to the record, but refused to add the
21 2022 ACOG citizen petition, the documents cited therein, the denial letter, or the
22 Turnaway Study. *Id.* ¶ 5.

## III. ARGUMENT

### A. Legal Standard

Judicial review of an agency decision "is based on the administrative record and the basis for the agency's decision must come from the record." *Ass'n of Irritated Residents v. E.P.A.*, 790 F.3d 934, 942 (9th Cir. 2015). Judicial review is based on "the whole record[.]" 5 U.S.C. § 706. The "whole" record consists of "all documents and materials directly or *indirectly* considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551, 555 (9th Cir. 1989). "[T]he whole record is not necessarily those documents that the agency has compiled and submitted as 'the' administrative record; the court must look to all the evidence that was before the decision-making body[.]" *Pub. Power Council v. Johnson*, 674 F.2d 791, 794 (9th Cir. 1982) (internal quotation marks omitted). "An incomplete record must be viewed as a fictional account of the actual decisionmaking process." *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993) (citation and internal quotation marks omitted).

Moreover, supplementation is also appropriate when, *inter alia*, "necessary to determine if the agency has considered all factors and explained its decision[.]" *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010); *accord Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). Because "[a]n agency's action may be arbitrary and capricious if it can be shown that 'the agency . . . entirely failed to consider an important aspect of the problem, [or]

PLAINTIFF STATES' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

offered an explanation for its decision that runs counter to the evidence before the agency,' . . . documents that were *not* relied upon by a decisionmaker, or evidence relating to such documents and their non-consideration, have been held to be necessary elements of an administrative record." *Trout Unlimited v. Lohn*, No. C05-1128C, 2006 WL 1207901, at *3 (W.D. Wash. May 4, 2006) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins.*, 463 U.S. 29, 43 (1983)).

**B.    ACOG's Citizen Petition Was Before FDA When It Imposed the REMS**

This Court has already recognized that ACOG's 2022 citizen petition, which asked FDA to remove the REMS as medically unnecessary and unduly burdensome, was "before FDA" when FDA decided to re-impose a REMS with ETASU on mifepristone in 2023. ECF No. 80 at 17. As the Court concluded: "Based on the information and requests already put forth before FDA"—specifically including the 2022 petition filed by "ACOG and other medical and professional healthcare access organizations" (ECF No. 61-1)—"FDA cannot credibly argue that its decision on the Mifepristone REMS Program would change upon another citizen petition." ECF No. 80 at 17.

For the same reason, FDA also cannot credibly argue that ACOG's citizen petition was somehow not before the agency when it made its decision. To be sure, FDA denied the petition. *See id.*; ECF No. 1-20 at 2. But FDA's disagreement with ACOG does not justify excluding ACOG's petition from the record. To the contrary, "the court must look to all the evidence that was before" FDA when it made its decision, *Pub. Power Council*, 674 F.2d at 794, which "includes evidence

PLAINTIFF STATES' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

contrary to the agency's position." *Thompson*, 885 F.2d at 555. FDA's "careful[] consider[ation]" of ACOG's petition, ECF No. 1-20 at 2—not its rejection of ACOG's request—is dispositive. The petition was undoubtedly before the agency, and the record should be supplemented accordingly.

Additionally, the record should be supplemented to include the 52 studies and other documents ACOG cited in its petition to support its request to remove the REMS. Just as the petition itself was "before the decision-making body," so too were the materials cited in the petition—in the same way that cases cited in a legal brief are before the court. The produced record itself confirms this by including studies and other documents that are cited within record documents. For example, the filed record includes the 2020 letter to FDA submitted by 15 Plaintiff States, along with the five documents cited therein. *See* ECF No. 127 at 20-21 (Index listing 2021 REMS 000035-040 with five sub-listings). Similarly, the filed record includes a 2021 letter from Dr. Graham Chelius to Acting FDA Commissioner Dr. Janet Woodcock, along with the 22 documents cited therein. *See id.* at 31-33 (Index listing 2021 REMS 001159-1167 with 22 sub-listings). The 52 citations within the ACOG citizen petition provide the evidentiary support for the signatories' request to lift the REMS, and that evidence was "before FDA" just as the petition itself was.

Finally, this Court has also recognized that FDA "rejected ACOG's citizen petition." ECF No. 80 at 17. FDA's January 3, 2023 letter denying ACOG's request to lift the REMS—which was issued on the very same day the FDA imposed the

current REMS—confirms that FDA in fact "carefully considered" ACOG's petition. ECF No. 1-20 at 2. While the filing of a formal citizen petition with the FDA is enough, on its own, to establish that the petition was "before FDA," the denial letter leaves no doubt that the petition was directly considered. But the denial letter, too, is missing from the filed administrative record.

The ACOG citizen petition, the documents cited therein, and the denial letter are all part of the "whole" administrative record. Supplementation is warranted.

C.  **The Turnaway Study Was Before FDA**

The Turnaway Study, a prospective longitudinal study conducted by Advancing New Standards in Reproductive Health (ANSRH), examined the effects on people's lives of being denied a wanted abortion. ECF No. 1-9 at 3. This landmark study, which examines the consequences of restricting abortion access for people's health and well-being, is cited extensively throughout the produced record, appearing in at least 35 citing references. Williams Decl. ¶ 6.c. Among them is a letter to FDA from 30 signatories, including ANSRH itself, citing the Turnaway Study as evidence in urging FDA to lift the REMS. *Id.*; ECF No. 1-9; ECF No. 35 ¶ 95 & n.19. For the same reasons discussed above, the Turnaway Study was therefore before FDA when it imposed the REMS.

D.  **The Missing Documents Are Necessary for Judicial Review**

Even if the Court were to reconsider its prior conclusion that ACOG's citizen petition was "before FDA" and find that FDA did not "directly" or even "indirectly" consider the petition and the related documents, the Court should still

PLAINTIFF STATES' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD — 8 — ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  supplement the record to include these and the other missing documents because
2  they will help in evaluating the Plaintiff States' APA claims—including whether
3  FDA "considered all factors and explained its decision[.]" *Fence Creek Cattle Co.*,
4  602 F.3d at 1131. "[D]ocuments which may demonstrate that the Government
5  ignored relevant factors" in an APA case "are appropriately part of the
6  administrative record[.]" *High Sierra Hikers Ass'n v. U.S. Dep't of the Interior*,
7  No. C-09-4621 JCS, 2011 WL 2531138, at *9 (N.D. Cal. June 24, 2011); *Lands
8  Council*, 395 F.3d at 1030 ("extra-record evidence" should be admitted when
9  "necessary to determine whether the agency has considered all relevant factors and
10 has explained its decision" (citation and internal quotation marks omitted)).

11 Here, the Plaintiff States will argue—as the Court has already preliminarily
12 found—that FDA "failed to consider an important aspect of the problem" and
13 failed to "consider arguments that mifepristone's REMS and ETASU should be
14 removed in whole or in part . . . ." ECF No. 80 at 20-21. ACOG's citizen petition
15 cited extensive evidence that the mifepristone REMS is unnecessary for safety or
16 risk management, that it imposes burdens that disincentivize prescribing,
17 dispensing, and accessing the medication, and that removing the restrictions would
18 not harm patient safety. *See generally* ECF No. 61-1. As one key example,
19 ACOG's petition cited a study published in the New England Journal of Medicine
20 that, as ACOG explained, demonstrated "no increase in complications from
21 mifepristone use" after Canada "removed all restrictions on prescribing
22 mifepristone for abortion, thereby allowing it to be prescribed and dispensed like

PLAINTIFF STATES' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

any other drug . . . ." *Id.* at 18 & 29 n.52. This study examined data from the 10-month period in Canada when mifepristone was distributed under "REMS-like restrictions" and the 28-month period when it was distributed without such restrictions, and found "no difference" in the rates of complications or serious adverse events. *Id.* FDA was made aware of this study through ACOG's citizen petition and should have considered it before imposing the REMS in 2023.

Likewise, the Turnaway Study, which is cited throughout the produced record, shows that "the majority of people who seek abortion care are already in difficult financial situations," meaning the unnecessary REMS restrictions have disproportionate impacts on these patients. ECF No. 1-9 at 3-4. And as a study within the record concludes based on Turnaway Study data, "women receiving wanted abortions had similar or better mental health outcomes than those who were denied a wanted abortion." Williams Decl. Ex. A at 9. FDA should have considered these findings, and their implications for particularly vulnerable patient populations, in light of the statutory requirement that ETASU must not be "unduly burdensome on patient access to the drug, considering in particular . . . patients in rural or medically underserved areas," and must "minimize the burden on the health care delivery system . . . ." 21 U.S.C. §§ 355-1(f)(2)(C)-(D).

Because FDA's decision to ignore these materials is integral to the Plaintiff States' claims, supplementation is warranted for this independent reason.

## IV.   CONCLUSION

The Plaintiff States' motion to supplement the record should be granted.

DATED this 19th day of January 2024.

ROBERT W. FERGUSON
Attorney General

*/s/ Kristin Beneski*
NOAH GUZZO PURCELL, WSBA #43492
Solicitor General
KRISTIN BENESKI, WSBA #45478
First Assistant Attorney General
COLLEEN M. MELODY, WSBA #42275
Civil Rights Division Chief
ANDREW R.W. HUGHES, WSBA #49515
LAURYN K. FRAAS, WSBA #53238
Assistant Attorneys General
TERA M. HEINTZ, WSBA #54921
Deputy Solicitor General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
Noah.Purcell@atg.wa.gov
Kristin.Beneski@atg.wa.gov
Colleen.Melody@atg.wa.gov
Andrew.Hughes@atg.wa.gov
Lauryn.Fraas@atg.wa.gov
Tera.Heintz@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

ELLEN F. ROSENBLUM
Attorney General of Oregon

*/s/ Carla A. Scott*
SANDER MARCUS HULL, WSBA #35986
CARLA A. SCOTT, WSBA #39947
Senior Assistant Attorneys General
YOUNGWOO JOH, OSB #164105
Assistant Attorney General
Trial Attorneys
Tel: (971) 673-1880
Fax: (971) 673-5000
marcus.hull@doj.state.or.us
carla.a.scott@doj.state.or.us
youngwoo.joh@doj.state.or.us

|   |   |
|---|---|
| 1 | *Attorneys for State of Oregon* |
| 2 | KRIS MAYES<br>Attorney General of Arizona |
| 3 |   |
| 4 | */s/ Daniel C. Barr*<br>Daniel C. Barr (Arizona No. 010149)<br>Chief Deputy Attorney General |
| 5 | Luci D. Davis (Arizona No. 35347)<br>Office of the Attorney General of Arizona |
| 6 | 2005 N. Central Ave.<br>Phoenix, AZ 85004-1592 |
| 7 | Phone: (602) 542-8080<br>Email:   Daniel.Barr@azag.gov |
| 8 |              Luci.Davis@azag.gov<br>*Attorneys for Plaintiff State of Arizona* |
| 9 |   |
| 10 | PHILIP J. WEISER<br>Attorney General of Colorado |
| 11 | */s/ Eric Olson* |
| 12 | ERIC OLSON, CO #36414<br>Solicitor General |
| 13 | MICHAEL MCMASTER, CO #42368<br>Assistant Solicitor General |
| 14 | Office of the Attorney General<br>Colorado Department of Law |
| 15 | 1300 Broadway, 10th Floor<br>Denver, CO 80203 |
| 16 | Phone: (720) 508-6000<br>*Attorneys for Plaintiff State of Colorado* |
| 17 | WILLIAM TONG |
| 18 | Attorney General of Connecticut |
| 19 | */s/ Joshua Perry*<br>Joshua Perry |
| 20 | Solicitor General<br>Office of the Connecticut Attorney General |
| 21 | 165 Capitol Ave, Hartford, CT 06106<br>Joshua.perry@ct.gov |
| 22 | (860) 808-5372<br>Fax: (860) 808-5387 |

PLAINTIFF STATES' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

*Attorney for Plaintiff State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware

*/s/ Vanessa L. Kassab*
VANESSA L. KASSAB
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
302-683-8899
vanessa.kassab@delaware.gov
*Attorney for Plaintiff State of Delaware*

KWAME RAOUL
Attorney General of Illinois

*/s/ Caitlyn G. McEllis*
Caitlyn G. McEllis (6306561)
Senior Policy Counsel
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, IL 60603
Phone: (312) 793-2394
Caitlyn.McEllis@ilag.gov
*Attorney for Plaintiff State of Illinois*

DANA NESSEL
Attorney General of Michigan

*/s/ Stephanie M. Service*
Stephanie M. Service (P73305)
Assistant Attorney General
Michigan Department of Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
ServiceS3@michigan.gov
*Attorney for Plaintiff Attorney General of Michigan*

AARON D. FORD
Attorney General of Nevada

*/s/ Heidi Parry Stern*
Heidi Parry Stern (Bar. No. 8873)
Solicitor General
Office of the Nevada Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
HStern@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

RAÚL TORREZ
Attorney General of New Mexico

*/s/ Aletheia Allen*
Aletheia Allen
Solicitor General
Executive Office
State of New Mexico Department of Justice
201 Third St. NW, Suite 300
Albuquerque, NM 87102
505-527-2776
AAllen@nmag.gov
*Attorney for Plaintiff State of New Mexico*

PETER F. NERONHA
Attorney General of Rhode Island

*/s/ Julia C. Harvey*
JULIA C. HARVEY #10529
Special Assistant Attorney General
150 S. Main Street
Providence, RI 02903
(401) 274-4400 x2103
*Attorney for Plaintiff State of Rhode Island*

CHARITY R. CLARK
Attorney General of Vermont

*/s/ Douglas Keehn*
DOUGLAS KEEHN

PLAINTIFF STATES' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

14

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Assistant Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 793-3892
douglas.keehn@vermont.gov
*Attorney for Plaintiff State of Vermont*

BRIAN L. SCHWALB
Attorney General for the District of Columbia
JENNIFER C. JONES
Deputy Attorney General
Public Advocacy Division
WILLIAM STEPHENS
Assistant Deputy Attorney General
Public Advocacy Division

*/s/ Nicole S. Hill*
NICOLE S. HILL
Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 Sixth Street, N.W.
Washington, D.C. 20001
(202) 727-4171
nicole.hill@dc.gov
*Attorneys for Plaintiff District of Columbia*

ANNE E. LOPEZ
Attorney General

*/s/ Erin N. Lau*
Erin N. Lau 009887
465 South King St., Room 200
Honolulu, Hawaii 96813
Erin.N.Lau@hawaii.gov
*Counsel for the State of Hawaii*

AARON M. FREY
Attorney General

*/s/ Halliday Moncure*
Halliday Moncure, Bar No. 4559
Assistant Attorney General

Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
(207) 626-8800
halliday.moncure@maine.gov

ANTHONY G. BROWN
Attorney General of Maryland

*/s/ Joshua M. Segal*
JOSHUA M. SEGAL
Assistant Attorney General
Office of the Attorney General of Maryland
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
(410) 576-6427
jsegal@oag.state.md.us
*Attorney for Plaintiff State of Maryland*

KEITH ELLISON
Attorney General
State of Minnesota

*/s/ Liz Kramer*
LIZ KRAMER (#0325089)
Solicitor General
JENNIFER OLSON (#0391356)
Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
(651) 757-1010 (Voice)
(651) 282-5832 (Fax)
liz.kramer@ag.state.mn.us
jennifer.olson@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*

MICHELLE A. HENRY
Attorney General of Pennsylvania

*/s/ Jill M. Graziano*
JILL M. GRAZIANO (Pa Bar No. 82725)
Chief Counsel to the Attorney General
1000 Madison Ave., Ste. 310

Norristown, PA 19403
jgraziano@attorneygeneral.gov
(484) 460-1330
*Attorney for the Commonwealth of Pennsylvania*

PLAINTIFF STATES' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

17

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

DATED this 19th day of January 2024, at Seattle, Washington.

*/s/ Kristin Beneski*
KRISTIN BENESKI, WSBA #45478
First Assistant Attorney General

PLAINTIFF STATES' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

18

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744