1   ROBERT W. FERGUSON
    Attorney General
2   NOAH GUZZO PURCELL, WSBA #43492
    Solicitor General
3   KRISTIN BENESKI, WSBA #45478
    First Assistant Attorney General
4   COLLEEN M. MELODY, WSBA #42275
    Civil Rights Division Chief
5   ANDREW R.W. HUGHES, WSBA #49515
    LAURYN K. FRAAS, WSBA #53238
6   Assistant Attorneys General
    TERA M. HEINTZ, WSBA #54921
7   Deputy Solicitor General
    800 Fifth Avenue, Suite 2000
8   Seattle, WA  98104-3188
    (206) 464-7744
9

10              **UNITED STATES DISTRICT COURT**
                **EASTERN DISTRICT OF WASHINGTON**
11

12  STATE OF WASHINGTON, et al.,        NO. 1:23-cv-03026-TOR

13                  Plaintiffs,          PLAINTIFF STATES' REPLY IN
                                         SUPPORT OF MOTION TO
14      v.                               SUPPLEMENT THE
                                         ADMINISTRATIVE RECORD
15  UNITED STATES FOOD AND
    DRUG ADMINISTRATION, et al.,         02/20/2024
16                                       Without Oral Argument
                    Defendants.
17

18

19

20

21

22

PLAINTIFF STATES' REPLY IN                    ATTORNEY GENERAL OF WASHINGTON
SUPPORT OF MOTION TO                               Complex Litigation Division
SUPPLEMENT THE                                    800 Fifth Avenue, Suite 2000
ADMINISTRATIVE RECORD                              Seattle, WA  98104-3188
                                                        (206) 464-7744

# I.    INTRODUCTION

This Court has already ruled that the formal citizen petition submitted in 2022 by ACOG and 48 other organizations was "before FDA" in connection with its decision to impose the 2023 mifepristone REMS. This petition, ECF No. 61-1, provides evidence showing that each REMS element is medically unnecessary and unduly burdensome, and asks FDA to lift the REMS entirely. FDA's insistence that it "did not consider" this citizen petition—which FDA denied on the very same day it re-imposed a REMS on mifepristone—conflicts with this Court's prior ruling, ECF No. 80 at 16-17, and contradicts FDA's own contemporaneous admission that it "carefully considered" the petition. Tellingly, FDA fails to even address this compelling evidence that it did, in fact, consider the petition. Similarly, the record is incomplete without—at a minimum—the Turnaway Study report cited in the letter to FDA from the Turnaway Study's author.

Alternatively, even if FDA turned a blind eye to these materials when it re-imposed a REMS on mifepristone, they should still be added to the record because they will demonstrate that FDA failed to consider major issues it was statutorily obligated to consider: that the REMS restrictions do not make mifepristone safer, are inconsistent with the regulation of riskier drugs, and are unduly burdensome.

# II.    ARGUMENT

## A.    ACOG's Citizen Petition Was "Before FDA," as the Court Has Ruled

As discussed at length in the Plaintiff States' Motion, this Court previously ruled that ACOG's 2022 citizen petition to lift the mifepristone REMS was "before

PLAINTIFF STATES' REPLY IN SUPPORT OF MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    FDA" in connection with FDA's decision to impose the current REMS, such that

2    it would be futile to submit yet another citizen petition seeking the same relief.

3    ECF No. 133 at 3-4, 7-8 (citing ECF No. 80 at 16-17). Moreover, FDA denied

4    ACOG's petition on the very same day it imposed the current REMS, which is

5    compelling evidence that the agency directly or at least indirectly considered the

6    petition in connection with the action it took that day. Unable to deny the Court's

7    prior ruling or its own prior acknowledgement that it "carefully considered" the

8    petition, FDA's Opposition simply ignores both.

9         Instead, the agency insists that it "did not consider" ACOG's petition in

10    connection with its decision to impose the current REMS. ECF No. 139 at 5. To

11    support this contention, FDA claims that it actually decided to impose the 2023

12    mifepristone REMS all the way back in 2021, and that ACOG's 2022 citizen

13    petition was received "after FDA's 2021 determination" to re-impose a REMS. *Id.*

14    at 6. FDA's suggestion that documents received after 2021 somehow did not or

15    could not inform its 2023 agency action is belied by FDA's own produced record,

16    which includes numerous documents that post-date 2021. One such document is a

17    June 21, 2022, letter to FDA from ACOG and the American Medical Association,

18    which is part of the produced record along with 28 documents that are cited in that

19    letter. *See* ECF No. 127 at 41-44 (Index listing 2023 SUPP 000032-037 with

20    28 sub-listings). FDA's inclusion of these post-2021 documents in the record

21    demonstrates that the agency either directly or indirectly considered them. *See* ECF

22    No. 139 at 7 (conceding that, at a minimum, the record "designated" by the agency

PLAINTIFF STATES' REPLY IN
SUPPORT OF MOTION TO
SUPPLEMENT THE
ADMINISTRATIVE RECORD                    2                    ATTORNEY GENERAL OF WASHINGTON
                                                              Complex Litigation Division
                                                              800 Fifth Avenue, Suite 2000
                                                              Seattle, WA  98104-3188
                                                              (206) 464-7744

1    consists of documents the agency "directly or indirectly considered"). Since FDA

2    admittedly considered ACOG's post-2021 letter, its suggestion that it somehow

3    could not have considered ACOG's post-2021 citizen petition falls flat.

4           FDA next pivots and resurrects an unsuccessful argument it made at the

5    preliminary injunction stage, claiming that it did not consider ACOG's petition in

6    connection with its decision to re-impose a REMS because the petition was

7    focused, in part, on the use of mifepristone for miscarriage management. *See* ECF

8    No. 139 at 6-7; ECF No. 51 at 18-19. But as the Plaintiff States previously

9    explained, ACOG's petition in fact asked FDA to eliminate the REMS as medically

10    unnecessary and unduly burdensome for *all* uses of the drug—which is the "gold

11    standard" for both abortion and miscarriage management—and cited evidence to

12    support removing the REMS entirely. ECF No. 60 at 4 (citing ECF No. 61-1); ECF

13    No. 61-7 at 3; *see also* ECF No. 3 at 12 (summarizing the petition's requests that

14    the three elements of the current REMS are "medically unnecessary," "redundant,"

15    provide "no benefit to patient safety," and are unduly burdensome). Appropriately

16    accounting for the ACOG petition as a whole, including this and other specific

17    information that was "before FDA" as of January 2023, the Court concluded that

18    it would be futile to require the Plaintiff States to submit yet another citizen petition

19    asking FDA to remove the mifepristone REMS. ECF No. 80 at 16-17.

20           Against this Court's prior findings, a different court's passing comment that

21    ACOG's citizen petition is "not directly relevant" to the mifepristone REMS

22    cannot salvage FDA's efforts to suppress the petition. *See* ECF No. 139 at 8-9.

PLAINTIFF STATES' REPLY IN
SUPPORT OF MOTION TO
SUPPLEMENT THE
ADMINISTRATIVE RECORD

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1   This comment is pulled out of context by FDA, because the Western District of

2   Virginia's conclusion was the same as this Court's—that further exhaustion would

3   be futile, "as FDA has demonstrated by its past actions and prior findings that it

4   will not grant the relief sought by Plaintiffs." *Whole Woman's Health All. v. U.S.*

5   *Food & Drug Admin.*, No. 3:23-cv-00019, 2023 WL 5401885, at *6-7 (W.D. Va.

6   Aug. 21, 2023) ("agree[ing] with" this Court's similar conclusion). Moreover, to

7   the extent the district court's comment in *Whole Woman's Health* was based on an

8   overly narrow reading of ACOG's petition, that cannot overcome this Court's own

9   prior conclusion that ACOG's petition and its supporting studies were "already put

10   forth before FDA[.]" ECF No. 80 at 16-17.

11       Further, as previously noted, FDA admitted on January 3, 2023, that it had

12   "carefully considered" ACOG's citizen petition. ECF No. 133 at 2, 8-9 (quoting

13   ECF No. 1-20 at 2). This admission means that FDA necessarily directly

14   considered the petition's request to remove the REMS entirely and the supporting

15   evidence of the same—not just the request to add an additional indication to the

16   mifepristone label. *See* ECF No. 61-1 at 12-17 (discussing each REMS element in

17   turn, seeking the removal of each, and concluding that "Existing Data Demonstrate

18   that a Removal of All REMS Requirements Will Not Harm Patient Safety"). FDA

19   does not dispute that its denial letter acknowledged "careful[] consider[ation]" of

20   ACOG's citizen petition, nor could it: FDA acknowledges that ECF No. 1-20 is its

21   own denial letter. ECF No. 139 at 6-7. Nor is it plausible for FDA to now claim

22   that the ACOG petition is entirely unrelated to the current REMS when FDA

PLAINTIFF STATES' REPLY IN          4          ATTORNEY GENERAL OF WASHINGTON
SUPPORT OF MOTION TO                           Complex Litigation Division
SUPPLEMENT THE                                 800 Fifth Avenue, Suite 2000
ADMINISTRATIVE RECORD                          Seattle, WA 98104-3188
                                               (206) 464-7744

1    denied the petition's request to remove the REMS on the *very same day* it imposed

2    the current REMS. *See* ECF No. 133 at 2, 8-9. Notably, FDA offers no explanation

3    for the telling timing of its two closely related actions taken by the *same* office

4    within FDA (the Center for Drug Evaluation and Research) concerning the *same*

5    REMS program for the *same* drug on the *same* day. Because there is no dispute

6    that FDA considered ACOG's petition at the very same time it was imposing the

7    2023 REMS, the petition is part of the record. *See Ctr. for Food Safety v. EPA*,

8    No. 23-cv-02714-SI, 2023 WL 8813528, at *3 (N.D. Cal. Dec. 19, 2023)

9    ("materials provided to an agency during a decision-making process related to the

10    subject matter of that decision" are properly part of the administrative record).

11          Last but certainly not least, the fact that ACOG's citizen petition is properly

12    part of the administrative record compels the conclusion that the documents cited

13    therein are also properly part of the record. FDA's only argument for excluding

14    these documents is that it did not consider the petition itself. ECF No. 139 at 8-9

15    (arguing that it should not be "surprising" that the "ACOG Citizen Petition

16    documents" were not included because the petition supposedly was limited to the

17    miscarriage indication and not the REMS program). Indeed, FDA admits that it

18    *does* consider "references" cited in "letters" directed to it. *Id.* at 11 n.3. The

19    produced record confirms this: throughout, citizen petitions, letters, and other

20    direct communications to FDA are routinely accompanied by the documents cited

21    within those communications. *See, e.g.*, ECF No. 127 at 7-10 (Index listing 2019

22    CP 000001-027 with 52 sub-listings); *id.* at 15-16 (Index listing 2021 ED 000001-

PLAINTIFF STATES' REPLY IN
SUPPORT OF MOTION TO
SUPPLEMENT THE
ADMINISTRATIVE RECORD

5

1    003 with nine sub-listings); *id.* at 16-17 (Index listing 2021 ED 000073-077 with

2    10 sub-listings); *id.* at 17 (Index listing 2021 ED 000361-362 with three sub-

3    listings); *id.* at 17-18 (Index listing 2021 ED 000434-438 with six sub-listings).

4    This pattern repeats throughout the 46-page Index of the produced administrative

5    record. *See generally id.* FDA claims that it does not consider "the references cited

6    within the references" in letters it receives, ECF No. 139 at 11 n.3, but the materials

7    at issue here—studies directly cited in the ACOG petition—fall squarely within

8    the former category that FDA *concedes* are appropriately part of the record.

9    Because the ACOG citizen petition was before FDA when it decided to re-impose

10   the REMS—and because the evidence cited therein (including but not limited to

11   the 2022 study in the New England Journal of Medicine on Canada's successful

12   elimination of their REMS-like restrictions on mifepristone, *see* ECF No. 61-1 at

13   18, 29 n.52) is directly relevant to the petition's request to lift the REMS entirely,

14   the documents cited in the petition are properly part of the record.

15        In sum, FDA's assertion that "Plaintiffs have not provided *any* evidence"

16   that the agency considered the ACOG citizen petition, ECF No. 139 at 8, is simply

17   untrue. (1) This Court's prior ruling, which was based on (2) the formal citizen

18   petition citing evidence that supports removal of the REMS entirely, which (3)

19   FDA admittedly "carefully considered" and responded to and that (4) FDA denied

20   on the very same day it re-imposed a REMS, all demonstrate that FDA directly or

21   indirectly considered the citizen petition—and the documents cited therein—in

22   connection with the challenged agency action.

PLAINTIFF STATES' REPLY IN
SUPPORT OF MOTION TO
SUPPLEMENT THE
ADMINISTRATIVE RECORD

6

**B.    The Turnaway Study Is Cited and Discussed in a Letter to FDA**

As discussed above, FDA concedes, and the produced record confirms, that it *does* consider information cited in "letters" directed to it. And as discussed in the Plaintiff States' Motion, the Turnaway Study was cited and discussed in a letter to FDA signed by the study's author, Advancing New Standards in Reproductive Health (ANSIRH). ECF No. 133 at 9; ECF No. 1-9; ECF No. 35 ¶ 95 & n.19. The Turnaway Study's data—including the findings that being denied an abortion results in worse health, family, and financial outcomes—are what provide the evidentiary basis for the summaries and references found throughout the produced record. *See* ECF No. 133 at 5; ECF No. 135 ¶ 6.c (listing 35 places the Turnaway Study is cited in the administrative record). While the Turnaway Study's data is undoubtedly relied upon by numerous studies given its groundbreaking significance, *see* ECF No. 139 at 10, this is no basis for FDA's refusal to complete the record. *Contra id.* At a minimum, the Turnaway Study report cited in the ANSIRH letter to FDA was before the agency and should be added to the record. ECF No. 1-9; Second Beneski Decl. ¶¶ 4, 5 & Exs. B, C.

And regardless of whether the record is completed or supplemented in this way, FDA effectively admits it *knows* that unduly restricting access to mifepristone harms the underserved patient populations it is statutorily required to consider. *See* ECF No. 139 at 13-14. On the merits, FDA will have to explain why it nevertheless retained a medically unnecessary and harmful REMS with ETASU to artificially restrict the availability of this extraordinarily safe medication.

PLAINTIFF STATES' REPLY IN SUPPORT OF MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    **C.    Evidence of FDA Ignoring Key Factors Is Highly Relevant**

2        Because the materials at issue were demonstrably before FDA, the Court

3    need not determine whether "supplementation" as opposed to "completion" of the

4    record is necessary. But the supplementation standard is satisfied here, too.

5        This is not an effort to "pad the record" with evidence of some minor point

6    that FDA missed. *Contra* ECF No. 139 at 13. This case is about FDA ignoring

7    *major* aspects of the problem in making a decision that failed to follow the law and

8    cannot be reconciled with mifepristone's outstanding safety record, particularly as

9    compared with other medications not burdened with a REMS. At the preliminary

10   injunction stage, the Plaintiff States argued that a REMS with ETASU for

11   mifepristone is unjustifiable under the statutory limits Congress placed on FDA's

12   authority. *See* ECF No. 80 at 18-20. In response to this argument, this Court noted

13   FDA "d[id] not address whether mifepristone qualifies for ETASU, asserting it

14   need *only* determine whether modifications [to the existing REMS program] are

15   appropriate under 21 U.S.C. § 355-1(g)(4)(B)." *Id.* at 20 (emphasis added). The

16   Court rejected FDA's crabbed view of its statutory obligations, ruling that "it

17   would be contrary to the plain language of the statute that the agency need not

18   consider arguments that mifepristone's REMS and ETASU should be removed in

19   whole or in part based on criteria under 21 U.S.C. § 355-1(a)(1), (f)(1)." *Id.* at 21.

20       On the merits, the Plaintiff States will argue that FDA failed to consider the

21   fundamental issue of whether mifepristone meets the statutory criteria for a REMS

22   with ETASU *at all*. They will further argue that the particular ETASU that FDA

PLAINTIFF STATES' REPLY IN
SUPPORT OF MOTION TO
SUPPLEMENT THE
ADMINISTRATIVE RECORD

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    imposed are medically unnecessary, do not conform to the restrictions on similar

2    or more dangerous drugs, and are unduly burdensome, especially for underserved

3    patient populations, and that they therefore fail the statutory test and are arbitrary

4    and capricious. *See* ECF No. 80 at 19-20 (quoting 21 U.S.C. § 355-1(f)(2)(C)-(D)).

5    The missing documents at issue will support these arguments, which go to whether

6    FDA meaningfully *considered* these issues, not FDA's weighing of the evidence.

7    *See id.* at 21 ("It is not the Court's role to review the scientific evidence and decide

8    whether mifepristone's benefits outweigh its risks without REMS and/or

9    ETASU. . . . However, based on the present record, FDA did not assess *whether*

10    mifepristone qualifies for REMS and ETASU . . ." (emphasis added)).

11        The missing documents show, among other things, that FDA disregarded

12    evidence—such as the 2022 Canada study—showing that lifting the REMS would

13    not impact mifepristone's safety profile, and that FDA failed to grapple with the

14    impacts of the unnecessary and discriminatory REMS on underserved patients.

15    Whether the REMS is "necessary to ensure that the benefits of the drug outweigh

16    the risks" (i.e., whether it produces different safety outcomes than normal

17    prescribing) and whether it is "unduly burdensome" are central questions that FDA

18    is not at liberty to ignore. 21 U.S.C. § 355-1(a)(1), 21 U.S.C. § 355-1(f)(2)(C)-(D).

19    Thus, the request for supplementation fits comfortably within even the narrower

20    standard adopted by some district courts: the missing documents do not reflect

21    mere "nuanced points" or "specific hypotheses/ conclusions," but show that FDA

22    overlooked "a general subject matter that is subject to the agency's decision[.]"

PLAINTIFF STATES' REPLY IN
SUPPORT OF MOTION TO
SUPPLEMENT THE
ADMINISTRATIVE RECORD

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    *E.g.*, *Nw. Env't Advocs. v. U.S. Fish & Wildlife Serv.*, No. 3:18-cv-01420-AC,

2    2019 WL 6977406, at *7 (D. Or. Dec. 20, 2019); *see* ECF No. 139 at 12-13.

3         Next, and contrary to FDA's argument, its consideration of "Canada's

4    experience" with one aspect of mifepristone prescribing does not absolve FDA

5    from considering studies before it that bear on other REMS restrictions. *Contra*

6    ECF No. 139 at 13. FDA points to its 2021 REMS Modification Rationale Review,

7    in which it discussed a 2020 Canadian study that compared outcomes of

8    telemedicine versus in-clinic visits for medication abortion. ECF No. 140-1 at 26-

9    27 & 43 n.7. But FDA's consideration of this single 2020 study on telemedicine

10   cannot somehow justify its complete failure to consider a *different* Canadian study,

11   published in 2022, demonstrating that provider certification, a patient agreement

12   form, and pharmacy certification do nothing to increase mifepristone's safety.

13   ECF No. 61-1 at 18 (discussing a 2022 study after "Canada removed all restrictions

14   on prescribing mifepristone for abortion, thereby allowing it to be prescribed and

15   dispensed like any other drug").

16        Finally, FDA's suggestion that the Plaintiff States "request a new agency

17   action," ECF No. 139 at 14, is disingenuous. This Court already found that filing

18   another citizen petition to seek a different outcome would be futile. The instant

19   Motion is limited to documents of which FDA was well aware when it imposed

20   the current REMS, and which are necessary to resolve this case.

21                              **III.    CONCLUSION**

22        The Plaintiff States' Motion should be granted.

PLAINTIFF STATES' REPLY IN
SUPPORT OF MOTION TO
SUPPLEMENT THE
ADMINISTRATIVE RECORD

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1          DATED this 9th day of February 2024.

2                                    ROBERT W. FERGUSON
                                     Attorney General
3
                                     */s/ Kristin Beneski*
4                                    NOAH GUZZO PURCELL, WSBA #43492
                                     Solicitor General
5                                    KRISTIN BENESKI, WSBA #45478
                                     First Assistant Attorney General
6                                    COLLEEN M. MELODY, WSBA #42275
                                     Civil Rights Division Chief
7                                    ANDREW R.W. HUGHES, WSBA #49515
                                     LAURYN K. FRAAS, WSBA #53238
8                                    Assistant Attorneys General
                                     TERA M. HEINTZ, WSBA #54921
9                                    Deputy Solicitor General
                                     800 Fifth Avenue, Suite 2000
10                                   Seattle, WA  98104-3188
                                     (206) 464-7744
11                                   Noah.Purcell@atg.wa.gov
                                     Kristin.Beneski@atg.wa.gov
12                                   Colleen.Melody@atg.wa.gov
                                     Andrew.Hughes@atg.wa.gov
13                                   Lauryn.Fraas@atg.wa.gov
                                     Tera.Heintz@atg.wa.gov
14                                   *Attorneys for Plaintiff State of Washington*

15                                   ELLEN F. ROSENBLUM
                                     Attorney General of Oregon
16
                                     */s/ Carla A. Scott*
17                                   SANDER MARCUS HULL, WSBA #35986
                                     CARLA A. SCOTT, WSBA #39947
18                                   Senior Assistant Attorneys General
                                     YOUNGWOO JOH, OSB #164105
19                                   Assistant Attorney General
                                     Trial Attorneys
20                                   Tel: (971) 673-1880
                                     Fax: (971) 673-5000
21                                   marcus.hull@doj.state.or.us
                                     carla.a.scott@doj.state.or.us
22                                   youngwoo.joh@doj.state.or.us

PLAINTIFF STATES' REPLY IN                 11              ATTORNEY GENERAL OF WASHINGTON
SUPPORT OF MOTION TO                                          Complex Litigation Division
SUPPLEMENT THE                                                 800 Fifth Avenue, Suite 2000
ADMINISTRATIVE RECORD                                           Seattle, WA  98104-3188
                                                                    (206) 464-7744

1    *Attorneys for State of Oregon*

2    KRIS MAYES
     Attorney General of Arizona

3
     */s/ Daniel C. Barr*
4    Daniel C. Barr (Arizona No. 010149)
     Chief Deputy Attorney General
5    Luci D. Davis (Arizona No. 35347)
     Office of the Attorney General of Arizona
6    2005 N. Central Ave.
     Phoenix, AZ 85004-1592
7    Phone: (602) 542-8080
     Email:    Daniel.Barr@azag.gov
8              Luci.Davis@azag.gov
     *Attorneys for Plaintiff State of Arizona*
9
     PHILIP J. WEISER
10   Attorney General of Colorado

11   */s/ Eric Olson*
     ERIC OLSON, CO #36414
12   Solicitor General
     MICHAEL MCMASTER, CO #42368
13   Assistant Solicitor General
     Office of the Attorney General
14   Colorado Department of Law
     1300 Broadway, 10th Floor
15   Denver, CO 80203
     Phone: (720) 508-6000
16   *Attorneys for Plaintiff State of Colorado*

17   WILLIAM TONG
     Attorney General of Connecticut
18
     */s/ Joshua Perry*
19   Joshua Perry
     Solicitor General
20   Office of the Connecticut Attorney General
     165 Capitol Ave, Hartford, CT 06106
21   Joshua.perry@ct.gov
     (860) 808-5372
22   Fax: (860) 808-5387

PLAINTIFF STATES' REPLY IN          12          ATTORNEY GENERAL OF WASHINGTON
SUPPORT OF MOTION TO                                Complex Litigation Division
SUPPLEMENT THE                                     800 Fifth Avenue, Suite 2000
ADMINISTRATIVE RECORD                                 Seattle, WA 98104-3188
                                                          (206) 464-7744

1    *Attorney for Plaintiff State of Connecticut*

2    KATHLEEN JENNINGS
     Attorney General of Delaware

3    */s/ Vanessa L. Kassab*

4    VANESSA L. KASSAB
     Deputy Attorney General

5    Delaware Department of Justice
     820 N. French Street

6    Wilmington, DE 19801
     302-683-8899

7    vanessa.kassab@delaware.gov
     *Attorney for Plaintiff State of Delaware*

8
     KWAME RAOUL

9    Attorney General of Illinois

10   */s/ Caitlyn G. McEllis*
     Caitlyn G. McEllis (6306561)

11   Senior Policy Counsel
     Office of the Illinois Attorney General

12   115 South LaSalle Street
     Chicago, IL 60603

13   Phone: (312) 793-2394
     Caitlyn.McEllis@ilag.gov

14   *Attorney for Plaintiff State of Illinois*

15   DANA NESSEL
     Attorney General of Michigan

16
     */s/ Stephanie M. Service*

17   Stephanie M. Service (P73305)
     Assistant Attorney General

18   Michigan Department of Attorney General
     Health, Education & Family

19   Services Division
     P.O. Box 30758

20   Lansing, MI 48909
     (517) 335-7603

21   ServiceS3@michigan.gov
     *Attorney for Plaintiff Attorney General of*

22   *Michigan*

PLAINTIFF STATES' REPLY IN
SUPPORT OF MOTION TO
SUPPLEMENT THE
ADMINISTRATIVE RECORD

13

1

2                  AARON D. FORD
                     Attorney General of Nevada

3                  */s/ Heidi Parry Stern*
                     Heidi Parry Stern (Bar. No. 8873)

4                     Solicitor General
                     Office of the Nevada Attorney General

5                     555 E. Washington Ave., Ste. 3900
                     Las Vegas, NV 89101

6                     HStern@ag.nv.gov
                     *Attorney for Plaintiff State of Nevada*

7

8                  RAÚL TORREZ
                     Attorney General of New Mexico

9                  */s/ Aletheia Allen*
                     Aletheia Allen

10                 Solicitor General
                     Executive Office

11                 State of New Mexico Department of Justice
                     201 Third St. NW, Suite 300

12                 Albuquerque, NM 87102
                     505-527-2776

13                 AAllen@nmag.gov
                     *Attorney for Plaintiff State of New Mexico*

14

15                 PETER F. NERONHA
                     Attorney General of Rhode Island

16                 */s/ Julia C. Harvey*
                     JULIA C. HARVEY #10529

17                 Special Assistant Attorney General
                     150 S. Main Street

18                 Providence, RI 02903
                     (401) 274-4400 x2103

19                 *Attorney for Plaintiff State of Rhode Island*

20                 CHARITY R. CLARK
                     Attorney General of Vermont

21

                  */s/ Douglas Keehn*

22                 DOUGLAS KEEHN

PLAINTIFF STATES' REPLY IN
SUPPORT OF MOTION TO
SUPPLEMENT THE
ADMINISTRATIVE RECORD

14

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Assistant Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 793-3892
douglas.keehn@vermont.gov
*Attorney for Plaintiff State of Vermont*

BRIAN L. SCHWALB
Attorney General for the District of Columbia
JENNIFER C. JONES
Deputy Attorney General
Public Advocacy Division
WILLIAM STEPHENS
Assistant Deputy Attorney General
Public Advocacy Division

*/s/ Nicole S. Hill*
NICOLE S. HILL
Assistant Attorney General
Office of the Attorney General for the
District of Columbia
400 Sixth Street, N.W.
Washington, D.C. 20001
(202) 727-4171
nicole.hill@dc.gov
*Attorneys for Plaintiff District of Columbia*

ANNE E. LOPEZ
Attorney General

*/s/ Erin N. Lau*
Erin N. Lau 009887
465 South King St., Room 200
Honolulu, Hawaii 96813
Erin.N.Lau@hawaii.gov
*Counsel for the State of Hawaii*

AARON M. FREY
Attorney General

*/s/ Halliday Moncure*
Halliday Moncure, Bar No. 4559
Assistant Attorney General

PLAINTIFF STATES' REPLY IN
SUPPORT OF MOTION TO
SUPPLEMENT THE
ADMINISTRATIVE RECORD

15

1     Office of the Maine Attorney General
      6 State House Station
2     Augusta, ME 04333-0006
      (207) 626-8800
3     halliday.moncure@maine.gov

4     ANTHONY G. BROWN
      Attorney General of Maryland
5
      /s/ Joshua M. Segal
6     JOSHUA M. SEGAL*
      Assistant Attorney General
7     Office of the Attorney General of Maryland
      200 Saint Paul Place, 20th Floor
8     Baltimore, Maryland 21202
      (410) 576-6446
9     jsegal@oag.state.md.us
      *Attorney for Plaintiff State of Maryland*
10
      KEITH ELLISON
11    Attorney General
      State of Minnesota
12
      /s/ Liz Kramer
13    LIZ KRAMER (#0325089)
      Solicitor General
14    JENNIFER OLSON (#0391356)
      Assistant Attorney General
15    445 Minnesota Street, Suite 1400
      St. Paul, Minnesota 55101-2131
16    (651) 757-1010 (Voice)
      (651) 282-5832 (Fax)
17    liz.kramer@ag.state.mn.us
      jennifer.olson@ag.state.mn.us
18    *Attorneys for Plaintiff State of Minnesota*

19    MICHELLE A. HENRY
      Attorney General of Pennsylvania
20
      /s/ Elizabeth P. Lester-Abdalla
21    ELIZABETH P. LESTER-ABDALLA*
      (Pa Bar No. 327276)
22    Deputy Attorney General

PLAINTIFF STATES' REPLY IN          16          ATTORNEY GENERAL OF WASHINGTON
SUPPORT OF MOTION TO                             Complex Litigation Division
SUPPLEMENT THE                                   800 Fifth Avenue, Suite 2000
ADMINISTRATIVE RECORD                            Seattle, WA  98104-3188
                                                 (206) 464-7744

1600 Arch Street, Suite 300
Philadelphia, PA 19103
(215) 560-2980
elester-abdalla@attorneygeneral.gov
*Attorney for the Commonwealth of
Pennsylvania*

*\*Pro hac vice admission pending*

PLAINTIFF STATES' REPLY IN
SUPPORT OF MOTION TO
SUPPLEMENT THE
ADMINISTRATIVE RECORD

17

1

## <u>CERTIFICATE OF SERVICE</u>

2        I hereby certify that on February 9th, 2024, I electronically filed the

3 foregoing with the Clerk of the Court using the CM/ECF System, which in turn

4 automatically generated a Notice of Electronic Filing (NEF) to all parties in the

5 case who are registered users of the CM/ECF system. The NEF for the foregoing

6 specifically identifies recipients of electronic notice.

7        DATED this 9th day of February 2024, at Seattle, Washington.

8                                          */s/ Kristin Beneski*
                                          KRISTIN BENESKI, WSBA #45478
9                                          First Assistant Attorney General

10

11

12

13

14

15

16

17

18

19

20

21

22

PLAINTIFF STATES' REPLY IN                          18          ATTORNEY GENERAL OF WASHINGTON
SUPPORT OF MOTION TO                                            Complex Litigation Division
SUPPLEMENT THE                                                  800 Fifth Avenue, Suite 2000
ADMINISTRATIVE RECORD                                           Seattle, WA 98104-3188
                                                                (206) 464-7744